LEMIRE v GARRARD DRUGS

Docket No. 43864. Submitted January 2, 1980, at Detroit.—Decided February 20, 1980. Leave to appeal applied for.

Mary E. Lemire's mother purchased Diethylstilbestrol (DES) from Garrard Drugs while she was pregnant with Mary sometime in 1954 or 1955. DES produces a cancerous condition of the cervix of the female offspring of women who use DES during pregnancy. Mary developed a cancerous cervical condition. She had surgery but will continue to require treatment. The assets of Garrard Drugs were purchased by Neil and Doris Dorfman, doing business as Leslie Drugs, in 1971. They have operated the store at the same location since under the name Leslie Drugs. Mary brought an action against Garrard Drugs and against Neil and Doris Dorfman, doing business as Leslie Drugs. The complaint alleged negligence, breach of warranty of fitness for a particular purpose and breach of implied warranties of merchantability. Defendant Garrard Drugs was dismissed from the action due to plaintiff's inability to serve timely process. Leslie Drugs and Neil and Doris Dorfman were granted a summary judgment on the ground that plaintiff had failed to state a claim upon which relief could be granted, Wayne Circuit Court, John M. Wise, J. The trial court indicated that plaintiff did not state a cause of action because defendants were not successors to Garrard Drugs and therefore not subject to successor liability, that defendants were not involved in the sale of the drug so as to give rise to direct liability and that the original drug store was not liable because it was filling a doctor's prescription. Plaintiff appeals. On appeal she claims the court erred in its conclusion as to defendant's successor liability status. *Held:*

1. Facts must be developed which will support a finding of vicarious or successor liability to be successful in an implied warranty action. Plaintiff has not shown that defendant Leslie either expressly or impliedly assumed the liabilities of Garrard

REFERENCES FOR POINTS IN HEADNOTES

[1] 63 Am Jur 2d, Products Liability §§ 3, 22, 25 *et seq.,* 110 *et seq.*

[2] 19 Am Jur 2d, Corporations § 1562.

Products Liability: liability of successor corporation for injury or damage caused by product issued by predecessor. 66 ALR3d 824.

Drugs, the name Garrard was retained for only a very short period and defendant Leslie did not hold itself out as a continuation of defendant Garrard Drugs. These facts do not support a finding of vicarious or successor liability. Furthermore, the successor liability doctrine is more commonly applied to the sale and consequent dissolution of a corporate enterprise because a corporation's status as an artificial legal entity makes it possible for a corporation to avoid liability by altering its form while maintaining the business enterprise. The successor liability doctrine served to mitigate the effects of this practice. The sale of a sole proprietorship, such as a drug store, does not involve a situation where the selling entity is immediately dissolved, or where the management and control have remained the same with only the form of the business entity altered to avoid liability. Thus, there is no reason to impute successor liability to defendant Leslie Drugs.

2. The only connection the Dorfmans had with Garrard Drugs was the purchase of the store. There was no connection with plaintiff's mother or knowledge of the alleged sale of DES. This is not a case for the application of the successor liability doctrine.

3. As a general rule, druggists are not liable for correctly filling a doctor's prescription. Therefore, defendant Leslie can hardly be held vicariously liable for an act for which defendant Garrard is not directly liable.

Affirmed.

1. PRODUCTS LIABILITY — THEORIES OF RECOVERY — NEGLIGENCE — IMPLIED WARRANTY.

Two theories of recovery are recognized in product liability cases, negligence and implied warranty: under a negligence theory, a plaintiff must establish the traditional common-law elements of duty, breach, damage and causation; under implied warranty, facts must be developed which will support a finding of vicarious or successor liability.

2. PRODUCTS LIABILITY — SALES — CORPORATIONS — SOLE PROPRIETOR-SHIPS — VICARIOUS AND SUCCESSOR LIABILITY.

Successor liability usually attaches in the sale of a corporation because the sale involves a situation where the selling entity is immediately dissolved or where the management and control have remained the same with only the business entity altered to avoid liability; the sale of a sole proprietorship, such as a drug store, presents a different situation and where there are no allegations of fact which could be developed to support a

finding of vicarious or successor liability in the new owner, there is no reason to impute either vicarious or successor liability.

*Gromek, Bendure & Thomas,* for plaintiff.

*Tyler & Canham, P.C.,* for Neil Dorfman and Doris Dorfman d/b/a Leslie Drugs.

Before: T. M. BURNS, P.J., and BASHARA and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. Plaintiff appeals as of right from a summary judgment entered in the defendants' behalf in Wayne County Circuit Court dismissing her product liability complaint with prejudice.

Plaintiff's complaint averred: that plaintiff's mother purchased Diethylstilbestrol (DES) from defendant Garrard Drugs while she was pregnant with plaintiff sometime in 1954 or 1955; that DES produces a cancerous condition of the cervix of the female offspring of women who use DES during pregnancy; that, as a result of defendant Garrard's sale of DES to plaintiff's mother, plaintiff developed a cancerous cervical condition which was removed, but which will continue to require treatment to determine whether the carcinogenic cells have regenerated and to determine whether further surgery is required; and, that the assets of the now defunct defendant Garrard Drugs were purchased by defendant Leslie Drugs in April, 1971, and owned and operated at the same location since by defendants Neil and Doris Dorfman. Plaintiff's complaint alleged negligence, breach of warranty of fitness for a particular purpose and breach of implied warranties of merchantability.

Defendant Garrard Drugs was dismissed from the action without prejudice due to plaintiff's ina-

bility to serve process within 180 days from the filing of the complaint. Defendant Leslie Drugs filed a motion for summary judgment based on GCR 1963, 117.2(1), alleging that plaintiff had failed to state a claim upon which relief could be granted. This motion was granted, giving rise to this appeal.

The trial court based its ruling on two fronts. First, the court indicated that plaintiff did not state a cause of action because defendants were not successors to Garrard Drugs and, therefore, not subject to successor liability. Nor were they involved in the sale of the drug so as to give rise to direct liability. The second ground upon which the trial court granted defendant's motion was the absence of liability on the part of the original drug store, Garrard Drugs, because it was filling a doctor's prescription.

Plaintiff presents three allegations of error in this appeal, only one of which we find warrants extended discussion. She claims the trial court erred in its conclusion as to defendant's successor liability status.

In Michigan, two theories of recovery are recognized in the area of products liability: negligence and breach of implied warranty. *Johnson v Chrysler Corp,* 74 Mich App 532; 254 NW2d 569 (1977). Plaintiff's complaint sets out both theories. Under a negligence theory, plaintiff must establish the traditional common-law elements of duty, breach, damage and causation. *Moning v Alfono,* 400 Mich 425; 254 NW2d 759 (1977). A summary judgment based on GCR 1963, 117.2(1) may properly be granted in a negligence cause of action when no legal duty of care has been alleged. *Woodworth v Brenner,* 69 Mich App 277; 244 NW2d 446 (1976). See also, Bashara, *The Elusive Summary Judg-*

*ment Rule: Sifting Through the Maze,* 1976 Det Col L Rev 397. Thus, since plaintiff alleged no direct legal duty on the part of the defendants, if there was no vicarious or successor liability on the facts as alleged, or as they could be developed, then it appears that summary judgment could properly be granted on this ground.

Similarly, with regard to plaintiff's breach of warranty claim, plaintiff's complaint failed to allege any sale by defendant Leslie Drugs out of which the implied warranty could arise. Therefore, absent allegations of fact which could be developed to support a finding of vicarious or successor liability, the summary judgment could properly have been granted. In view of the foregoing, we find the issue of defendant's successor liability status a crucial one. If no factual development of plaintiff's allegations could support a claim of successor liability, the summary judgment was properly granted.

The successor liability doctrine is more commonly applied to the sale and consequent dissolution of a corporate enterprise. In such a situation, a plaintiff establishes a prima facie case of continuation of corporate products liability by showing: a retention of key personnel, assets, general business operations, and the corporate name; that the seller ceased business operations, liquidated and dissolved soon after distribution of consideration from the buyer; the buyer assumed those liabilities of the seller ordinarily necessary for the continuation of the enterprise; and the buyer held itself out as a continuation of the selling corporation. *Turner v Bituminous Casualty Co,* 397 Mich 406, 430; 244 NW2d 873 (1976).

In the instant case, there was a retention of store employees and general business operations.

Also, the seller did cease operations after the sale to Leslie Drugs. On the opposite side of the ledger, though, the name Garrard Drugs was retained for only a very short period, plaintiff has not shown that defendant Leslie either expressly or impliedly assumed the liabilities of defendant Garrard, and defendant Leslie did not hold itself out as a continuation of defendant Garrard Drugs. Finally, and perhaps the most significant distinguishing factor of all, is that we are not dealing with corporate enterprises in this case.

Because of a corporation's status as an artificial legal entity, it was possible for a corporation to avoid liability by altering its form while maintaining the business enterprise. The successor liability doctrine served to mitigate the effects of this practice. The sale of a sole proprietorship as here, on the other hand, does not involve a situation where the selling entity is immediately dissolved, or where the management and control have remained the same, with only the form of the business entity altered to avoid liability. Thus, there is no reason to impute successor liability upon defendant Leslie Drugs. In fact, we have found no Michigan case precedent wherein the successor liability doctrine was applied in a noncorporate situation as here. We find no reason for expanding the scope of application on the facts of this case.

Defendants Neil and Doris Dorfman purchased a drug store and operated it under the name of Leslie Drugs. Sixteen years prior to this purchase, the former owner of the store, a Richard Garrard, allegedly sold DES to plaintiff's mother. The Dorfmans had no connection with plaintiff's mother or knowledge of this alleged sale. Moreover, they had no connection with Richard Garrard either, other than the purchase of his store. The instant case is

not one for the application of the successor liability doctrine.

We further find that summary judgment was proper under the other ground stated by the trial court. It appears, as a general rule, that druggists are not liable for correctly filling a prescription. See 25 Am Jur 2d, Liability of Druggists and Other Sellers, §§ 53-56, p 328. Therefore, defendant Leslie can hardly be held vicariously liable for an act for which defendant Garrard is not directly liable.

Affirmed.