OPINION OF THE COURT
Irving Rader, J.
The defendant Bayview Pharmacy moves for summary judgment on the ground that the plaintiff’s complaint as to Bayview Pharmacy fails to state a cause of action in the fifth, sixth and seventh allegations of the plaintiff’s complaint.
The plaintiff’s complaint in her fifth cause of action alleges negligence on behalf of Bayview Pharmacy in filling a prescription with a substituted drug without warning the plaintiff of any potential side effects.
In the plaintiff’s sixth cause of action she alleges that said pharmacy is liable for breach of warranty that said drug was not safe or fit for the purposes intended.
In her seventh cause of action she alleges that said defendant Bayview Pharmacy is strictly liable.
*221 On July 21, 1978, this plaintiff presented such a prescription to the defendant pharmacy on which the defendant, Dr. John P. Grant, Jr., signed “substitute permitted”. This defendant pharmacy dispensed Bactrim D.S. in place of Septra D.S. The plaintiff sustained an adverse reaction after she ingested the substitute drug.
Under section 6816-a of the Education Law, a pharmacy may substitute a less expensive drug containing the same ingredients, dosage and strength as the drug prescribed by the physician provided the physician signs “substitute permitted”.
AS TO THE FIFTH CAUSE OF ACTION FOR NEGLIGENCE:
A pharmacist is not negligent unless he knowingly dispenses a drug that is inferior or defective. (Bichler v Willing, 58 AD2d 331; see, also, Parker v State of New York, 201 Misc 416.) No such allegation is alleged by the plaintiff.
AS TO THE SIXTH CAUSE OF ACTION FOR BREACH OF WARRANTY:
In Maccarone v Upjohn Co. (Supreme Ct, Kings County, March 20, 1978) Judge Monteleone granted a defendant pharmacy’s motion for summary judgment on the ground that the complaint failed to state a cause of action. The case held that the defendant met the statutory regulations as set forth in subdivision 1 of section 6810 of the Education Law. “No drug for which a prescription is required by the provisions of the Federal Food, Drug and Cosmetic Act or by the commissioner of health shall be distributed or dispensed to any person except upon a prescription written by a person legally authorized to issue such prescription. Such drug shall be compounded or dispensed by a licensed pharmacist, and no such drug shall be dispensed without affixing to the immediate container in which the drug is sold or dispensed a label bearing the name and address of the owner of the establishment in which it was dispensed, the date compounded, the number of the prescription under which it is recorded in the pharmacist’s prescription files, the name of the prescriber, the name and address of the patient, and the directions for the use of the drug by the patient as given upon the prescription.”
*222 It is not the duty of the defendant Bay view Pharmacy to warn the plaintiff of possible side effects in the use of a drug.
It is the duty of the drug manufacturer to warn of any possible adverse reaction and it extends to the prescribing physician as well. (Lindsay v Ortho Pharm. Corp., 637 F2d 87; Wolfgruber v Upjohn Co., 72 AD2d 59; Dunkin v Syntex Labs., 443 F Supp 121.)
The plaintiff does not state a cause of action for a breach of implied warranty. (See Bichler v Willing, 58 AD2d 331, supra.)
The plaintiff does not state a cause of action for breach of express warranty since there is no allegation that the defendant Bay view offered any warranty to the plaintiff. (Bichler v Willing, supra.)
AS TO THE SEVENTH CAUSE OF ACTION FOR STRICT LIABILITY:
The prescription drug supplied to the plaintiff is not within the scope of strict products liability and therefore the dispenser of same is insulated from liability. (See Restatement, Torts 2d, § 492A; see, also, Bichler v Willing, supra; Batiste v American Home Prods. Corp., 32 NC App 1.)
The plaintiff’s separate causes of action in negligence, breach of express and implied warranty and strict products liability must be dismissed. Summary judgment dismissing the various causes of action as it applies to the defendant Bay view Pharmacy is granted.