Carole JONES and T. Russell
Jones, Plaintiffs,

v.

William M. IRVIN, M.D. and K-Mart
Corporation, Defendants.

Civ. No. 84–3222.

United States District Court,
S.D. Illinois,
E. St. Louis Division.

Feb. 15, 1985.

Richard Shaikewitz, Wiseman, Shaikewitz, McGivern & Wahl, P.C., Alton, for plaintiffs.

Larry E. Hepler, David A. Bloch, Burroughs, Simpson, Wilson, Hepler, Broom & McCarthy, Edwardsville, Ill., for defendants.

### MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court is defendant K-Mart's Motion to Dismiss (Document No. 5). Plaintiffs bring this action seeking to recover damages for personal injuries and loss of consortium allegedly sustained as a result of plaintiff, Carole Jones', consumption of an excessive amount of a prescrip-

tion drug over a period of time and its reaction with other drugs. Counts III and IV allege that defendant K-Mart was negligent in:

(a) That it knew or should have known that placidyl is a drug of abuse and that it was being prescribed in massive amounts; that it should have notified either the plaintiff or the physician prescribing the drug that something was amiss.

(b) That it knew that the plaintiff was being prescribed massive doses of placidyl, along with other drugs, and that it knew or should have known that the plaintiff was being over-medicated and that it had a duty to notify either the plaintiff and/or her physician of this problem.

(c) That it knew or should have known that the various drugs being prescribed for the plaintiff in the quantities in which they were being prescribed could have adverse reactions and it failed to take any action whatsoever to notify the plaintiff or her physician.

K-Mart moves for dismissal of Counts III and IV arguing that it owes no duty to warn the plaintiff or her physician of any danger enumerated above.

■ Initially, the Court notes that the precise issue before it is a narrow one. The plaintiff is not alleging that the pharmacist negligently filled the prescription; or that the pharmacist negligently substituted another drug for the prescribed drug; or that the pharmacist negligently gave the wrong instructions on the use of the drug. In each of these situations it is quite clear that the plaintiff would have a legal claim against the pharmacist. See Annot., 79 A.L.R.2d 301. Nor is the plaintiff seeking to hold the pharmacist liable under a strict product liability theory. Recent cases have uniformly held that a pharmacist is not strictly liable under a products liability theory since he is not a retailer. See *Murphy v. E.R. Squibb & Sons, Inc.*, 156 Cal. App.3d 589, 202 Cal.Rptr. 802 (1984); *Bichler v. Willing*, 58 A.D.2d 331, 397 N.Y. S.2d 57 (1977); *Ullman v. Grant*, 114 Misc.2d 220, 450 N.Y.S.2d 955 (1982); *Ba-*

*tiste v. American Home Products Corp.*, 32 N.C.App. 1, 231 S.E.2d 269 (1977). The precise issue before this Court is whether a pharmacist, who correctly fills a prescription, is negligent for failing to warn the customer or notify the physician that the drug is being prescribed in dangerous amounts, that the customer is being over medicated, or that the various drugs in their prescribed quantities could cause adverse reactions to the customer.

Since jurisdiction of this action is based on diversity, the Court is obligated to apply Illinois law to resolve this issue. Plaintiff has cited, and this Court could find, only one Illinois decision defining the duty a pharmacist owes to his customer. In *Jones v. Walgreen Co.*, 265 Ill.App. 308 (1932), the court stated:

"There is no conflict of authority as to the duty required of a druggist in his dealings with his customers. *All the decisions support the principle enunciated in Tremblay v. Kimball*, that while the law requires of a druggist only reasonable and ordinary care in compounding prescriptions, in selling medicines, and in performing the other duties of his profession, such care with reference to him means the highest degree of prudence, thoughtfulness, and diligence, and is proportioned to the danger involved; and that a breach of such duty would be negligence rendering him liable for injuries resulting therefrom."

*Id.* at 315–16 (emphasis in original). Applying this standard, the *Jones* court held that the pharmacist's legal duty goes further than merely dispensing the identical substance which a prescription calls for since "[a]s a chemist he may know that the physician has erred in his prescription and that to fill it might cause death or serious injury to the patient." *Id.* at 320. Although the language in *Jones* seems controlling, the case dealt with a situation in which the pharmacist filled the prescription with a different and stronger brand of the drug than that prescribed by the physician, ap-

parently because he could not make out the name of the brand on the prescription. The *Jones* court pinpointed its holding by stating that

> If a prescription is doubtful as to what drug is really intended it is the duty of the pharmacist to be alert to avoid a mistake, and if there is any reasonable doubt as to the identical thing ordered, it is his duty to take all reasonable precaution to be certain that he does not sell one thing when another is called for.

*Id.* at 321.' Therefore, in as much as *Jones* was addressing a different factual situation, it is not controlling in this case.

■ Hence, as is so often the case when Illinois law is silent on the subject, this Court must put on its soothsayer hat and predict what the Illinois Supreme Court would decide if it were faced with this issue. *Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc.,* 583 F.2d 426 (9th Cir.1978). *Cf. Lamb v. Briggs, Mfg., A Division of Celotex Corp.,* 700 F.2d 1092 (7th Cir.1983).

Other state court opinions, while not in agreement, shed light on the issue. In an early Maryland case, the court held that a druggist was not liable for failing to make an inquiry of the physician regarding the prescription calling for poison, where the result would have been to confirm the prescription. *People's Service Drug Stores, Inc. v. Somerville,* 161 Md. 662, 158 A. 12 (1932). The court stated that "[i]t would be a dangerous principle to establish that a druggist cannot safely fill a prescription merely because it is out of the ordinary. If that were done, many patients might die from being denied unusual remedies in extreme cases." 158 A. at 13. The court added, however, that "[o]f course this does not mean that pharmacists can safely fill prescriptions calling for doses that are obviously fatal; or that where the doses prescribed appear to be unusual the prescription can be safely filled without inquiry of the physician to make sure there has been no error." *Id.* at 14.

Other early cases hold that a druggist, knowing that the drug, harmless in itself, is to be mixed, or used in conjunction with another which would then have an injurious effect, of which the customer has no knowledge, should advise the customer of the danger, and failure to do so would make the druggist liable. See *Fuhs v. Barber,* 140 Kan. 373, 36 P.2d 962 (1934); *Krueger v. Knutson,* 261 Minn. 144, 111 N.W.2d 526 (1961). However, these cases dealt with situations in which the druggist was selling a non-prescription drug knowing either that the patient would be taking it in conjunction with a prescribed drug or other non-prescribed drugs. In the present case, all the drugs the plaintiff was taking were prescribed.

The overwhelming majority of recent state cases stand for the proposition that the pharmacist has no duty to warn. Some cases hold generally that a druggist cannot be held liable for correctly filling a prescription. *Lemire v. Garrard Drugs,* 95 Mich.App. 520, 291 N.W.2d 103 (1980); *Bichler v. Willing,* 58 A.D.2d 331, 397 N.Y. S.2d 57 (1977). Others, more precisely on point, hold that the pharmacist has no duty to warn. In *Batiste v. American Home Products Corp.,* 32 N.C.App. 1, 231 S.E.2d 269 (1977), the plaintiff alleged that pharmacist failed to warn the plaintiff of the many dangers associated with the use of an oral contraceptive drug. The court, in upholding the lower court's dismissal of this claim, stated:

> Here plaintiff alleges that she had consulted a physician, obtained a prescription and carried it to defendant Pike's Drug Store, Inc., to be filled. The prescription was filled as directed. There is no allegation that the product was other than it was supposed to be. There is no allegation that the druggist did any compounding or added to or took from the product as prepared and contained in the sealed container, or that the druggist did anything to change the prescription given him, or that the drug delivered to plaintiff was in any way different than

the drug prescribed by plaintiff's physician, or contained any foreign material. Certainly defendant is not qualified or licensed to advise plaintiff with respect to the best oral contraceptive for her to use to prevent pregnancy. Defendant is not a physician. Perhaps had a druggist employed by defendant undertaken to prescribe the oral contraceptive she took or to advise her concerning it, the result might be different. That question is not before us.

231 S.E.2d at 274. Likewise, in *Ullman v. Grant*, 114 Misc.2d 220, 450 N.Y.S.2d 955 (1982), the court held that it is not the duty of the pharmacist to warn the customer of the possible side effects in the use of the drug. *See also Kinney v. Hutchinson*, 449 So.2d 696 (La.Ct.App.1984) (burden to warn of prescription drug's adverse effects is placed upon the prescribing physician).

Finally, in a very recent case, a Florida court held that a pharmacist who properly fills a prescription has no duty to warn the customer of the dangerous propensities of the prescription drug, or in the alternative to notify the physician of the dangerous propensities of the drug and/or the effect it is having on his patient. *Pysz v. Henry's Drug Store*, 457 So.2d 561 (Fla.Dist.Ct. App.1984). In *Pysz*, the pharmacist filled a Quaalude prescription for more than nine years. The court stated:

Appellant suggests that the pharmaceutical business has changed drastically in the past twenty years and therefore this court should take a new look at the duty of a druggist to either warn the customer of the dangerous propensities of a drug prescribed by a licensed physician or in the alternative, to notify the physician of the dangerous propensities of the drug and/or the effect that it is having on his patient. Appellant argues that a pharmacist has greater knowledge of the propensity of drugs than that of the physician. Although this may be factually true in some instances, it is the physician who has the duty to know the drug that

he is prescribing and to properly monitor the patient.

*Id.* at 562.

The only recent case this Court could find upholding a pharmacist's duty to warn is *Hand v. Krakowski*, 89 A.D.2d 650, 453 N.Y.S.2d 121 (1982), where a New York court found a druggist potentially liable for failure to warn a customer of the possible side effects of taking the prescribed drug with alcohol, where it was shown that the druggist knew the customer personally, knew he was an alcoholic, and knew the drug in question was contraindicated for alcoholics. Clearly, such specific facts are not alleged in the instant case.

Based on the Court's analysis of the foregoing cases and general policy concerns, the Court holds that a pharmacist has no duty to warn the customer or notify the physician that the drug is being prescribed in dangerous amounts, that the customer is being over medicated, or that the various drugs in their prescribed quantities could cause adverse reactions to the customer. It is the duty of the prescribing physician to know the characteristics of the drug he is prescribing, to know how much of the drug he can give his patient, to elicit from the patient what other drugs the patient is taking, to properly prescribe various combinations of drugs, to warn the patient of any dangers associated with taking the drug, to monitor the patient's dependence on the drug, and to tell the patient when and how to take the drug. Further, it is the duty of the patient to notify the physician of the other drugs the patient is taking. Finally, it is the duty of the drug manufacturer to notify the physician of any adverse effects or other precautions that must be taken in administering the drug. *Cf. Cruz v. Texaco, Inc.*, 589 F.Supp. 777 (S.D.Ill.1984). Placing these duties to warn on the pharmacist would only serve to compel the pharmacist to second guess every prescription a doctor orders in an attempt to escape liability.

The Court emphasizes, however, that its holding is a narrow one. A pharmacist still owes the customer the "highest

degree of prudence, thoughtfulness, and diligence," as expressed in *Jones*, in *filling* a prescription. Further, the Court expresses no view on whether a pharmacist owes a duty to warn the customer of side reactions, over dependence, misuse, or restrictions on use, associated with non-prescribed drugs he dispenses.

Accordingly, the defendant K-Mart's Motion to Dismiss (Document No. 5) is hereby GRANTED. Counts III and IV of the plaintiffs' complaint are hereby DISMISSED.

IT IS SO ORDERED.