Argued and submitted November 17, 1989, affirmed April 18, reconsideration denied June 13, petition for review denied July 10, 1990 (310 Or 195)

DOCKEN,
*Appellant,*

*v.*

CIBA-GEIGY et al,
*Defendants,*

*and*

KAISER FOUNDATION HOSPITALS, INC.,
*Respondent.*

(A8505-03039; CA A50770)

790 P2d 45

Lance D. Perdue, Lake Oswego, argued the cause and filed the brief for appellant.

John R. Faust, Jr., Portland, argued the cause for respondent. With him on the brief was Schwabe, Williamson & Wyatt, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

## WARREN, J.

In this negligence action, plaintiff appeals from a judgment entered on a jury verdict for Kaiser Foundation Hospitals, Inc. (defendant)[1] and assigns error to the jury instructions; defendant cross-assigns as error the court's denial of its motion for a directed verdict. We agree that defendant was entitled to a directed verdict and affirm the judgment. Because of that disposition, we do not reach plaintiff's assignments of error.

Plaintiff is personal representative of the estate of her deceased son, Terry. In November, 1979, defendant's pharmacy filled a prescription for Imipramine[2] for plaintiff's older son, Tim, according to the physician's instructions. In August, 1983, Terry swallowed several tablets of the drug and died. Plaintiff brought a wrongful death action.

This is the second appeal in this matter. In the first, we ruled on whether a drug manufacturer, pharmacy or prescribing physician can be liable for harm to anyone other than the person for whom the drug was prescribed, if injury results from that other person's taking the drug. *Docken v. Ciba-Geigy,* 86 Or App 277, 739 P2d 591, *rev den* 304 Or 405, 745 P2d 1225 (1987). We held that there is liability if the harm suffered from the other person's taking the drug is a foreseeable risk and that we could not say as a matter of law that the harm suffered by Terry was not foreseeable. We also held that the complaint alleged facts from which a jury could find the defendants negligent. 86 Or App 281.

The case then went to trial, and the court denied defendant's motion for a directed verdict. The jury found for defendant,[3] and this appeal followed. Defendant argues that, whether or not plaintiff is correct that the trial court gave erroneous instructions, we should affirm. It contends that

---

[1] Defendant Ciba-Geigy was dismissed from the case before trial. At the conclusion of the evidence, the court granted defendants Kaiser Foundation Health Plan of Oregon, Northwest Permanente, P.C., and Dr. Tim Carey directed verdicts. Plaintiff appeals only the judgment for Kaiser Foundation Hospitals, Inc.

[2] Imipramine is the generic name for the drug with the trade name of Tofronil, manufactured by Ciba-Geigy, with which defendant's pharmacy filled the prescription.

[3] The trial court granted directed verdicts for the other defendants. *See* n 1, *supra.*

plaintiff provided no evidence of one of the elements of her cause of action, a breach of the standard of care in the community, and so the case should not have gone to the jury.

Plaintiff argues that the jury could determine without the aid of experts that a prescription drug is dangerous and requires a pharmacist independently to warn of its hazards, regardless of the instructions of the prescribing physician or any statutory requirements to warn. Plaintiff provided evidence that an overdose of Imipramine was potentially fatal and that there was no warning by defendant's pharmacy. Plaintiff argues that, with that evidence, the jury could find that a duty to warn existed and was breached. Defendant argues that expert testimony is required to prove the community standard of care for a pharmacist and that plaintiff provided no evidence that the community standard was not met. Because no expert testified that the standard in the professional community required a pharmacist to warn of the hazards of this prescription drug, defendant argues that no breach of due care could be found, even if the warning were lacking.

Although no Oregon appellate court has decided the standard of care for a pharmacist in a negligence action, the Supreme Court stated generally in *Getchell v. Mansfield*, 260 Or 174, 179, 489 P2d 953 (1971):

> "In most charges of negligence against professional persons, expert testimony is required to establish what the reasonable practice is in the community. The conduct of the defendant professional is adjudged by this standard. Without such expert testimony a plaintiff cannot prove negligence. The reason for this rule is that what is reasonable conduct for a professional is ordinarily not within the knowledge of the usual jury."

Nonetheless, in some situations, the breach of a standard of care is within the knowledge and experience of lay persons, and expert testimony is not necessary. One such example would be a surgeon operating without sterilization of his instruments. 260 Or at 180. Most jurisdictions have not found any common law duty of pharmacists independently to warn of the hazards of drugs prescribed by physicians, preferring to leave decisions about warning requirements to legislatures and the prescribing physicians. *See, e.g., McKee v. American Home Products Corp.*, 113 Wash 2d 701, 708, 782

P2d 1045 (1989); *Jones v. Irvin,* 602 F Supp 399, 401 (SD Ill 1985); *Ingram v. Hooks Drugs, Inc.,* 476 NE2d 881, 887 (Ind Ct App 1985). Those courts expressed concern that pharmacists not be expected to second-guess physicians. *Jones v. Irvin, supra,* 602 F Supp at 401.

■■    In the earlier appeal in this case, we did not discuss what evidence would be required to show that the standard of care had not been met. Considering the complex relationship between a physician, the patient and a pharmacist, we hold that an expert must testify as to the standard of care in the community for warning of dangers of a prescription drug before a jury may determine that such a standard was breached.[4] The only expert evidence consisted of testimony that it was standard practice for defendant to use a label to warn that an overdose of Imipramine was potentially fatal. There was conflicting evidence about whether that warning was given in this case. The testimony describing defendant's pharmacy's usual practice, however, only referred to the practice of one facility in a large city: Portland. Defendant's practice may have reflected care in excess of the standard practice in the community and, if so, a failure to follow that practice would not be evidence of a breach of due care for a pharmacist in the community. Plaintiff's *prima facie* case was deficient, and defendant's motion for a directed verdict should have been granted.

　　　Affirmed.

---

[4] We do not comment on the standard of care in other circumstances, such as when a pharmacist sells a nonprescription substance or when a pharmacist has personal knowledge of a customer's medical condition. *See Krueger v. Knutson,* 261 Minn 144, 111 NW2d 526 (1961) (nonprescription substance); *see also Hand v. Krakowski,* 89 AD2d 650, 453 NY Supp 2d 121 (1982) (personal knowledge of customer's medical condition).