Vernon v. Schuster, 

      

      

               Docket No. 82680--Agenda 25--September 1997.

     GEORGE VERNON et al., Appellees, v. JERRY SCHUSTER, d/b/a Diversey

                  Heating and Plumbing, Appellant.

                  Opinion filed December 18, 1997.

                                        CHIEF JUSTICE FREEMAN delivered the opinion of the court:

          Plaintiffs, George Vernon and Nancy Baker, brought an action in the

     circuit court of Cook County against defendant, Jerry Schuster, doing business as

     Diversey Heating and Plumbing. Plaintiffs alleged, inter alia, that defendant, a

     sole proprietorship, succeeded to the liability of a predecessor sole proprietorship

     for breach of contract and breach of warranty claims.

          The circuit court dismissed those claims for failure to state a cause of

     action. The appellate court reversed and remanded. 285 Ill. App. 3d 857. We

     allowed defendant's petition for leave to appeal. 166 Ill. 2d R. 315(a). We now

     reverse the appellate court and remand the cause to the circuit court for further

     proceedings.

     

                           BACKGROUND

          In determining whether to allow a motion to dismiss, a court must take as

     true all well-pled allegations of fact contained in the complaint and construe all

     reasonable inferences therefrom in favor of the plaintiff. Bryson v. News America

     Publications, Inc., 174 Ill. 2d 77, 86 (1996).

          Plaintiffs' first-amended complaint alleged as follows. In November 1989,

     plaintiffs owned a building at 953 W. Webster Avenue in Chicago. James Schuster

     was a sole proprietor doing business as Diversey Heating and Plumbing (Diversey

     Heating). Diversey Heating was in the business of selling, installing, and servicing

     heating and plumbing systems.

          Plaintiffs contracted with Diversey Heating to replace the boiler in their

     building. Diversey Heating warranted for 10 years portions of the boiler against

     cracking. In the course of installing the boiler, Diversey Heating employees sealed

     a valve with a pipe, which prevented the valve from draining water from the

     boiler. Diversey Heating instructed Baker that the only care the boiler would need

     was an annual preseason servicing prior to the heating season. Diversey also

     admonished plaintiffs not to drain water from the boiler because that could

     severely damage it.

          From 1990 through 1992, plaintiffs paid Diversey Heating to inspect and

     service the boiler annually. In September or October 1993, Baker and James

     Schuster agreed that Diversey Heating would perform preseason service on the

     boiler.

          On October 20, 1993, James Schuster died. Beginning on that date,

     Diversey Heating was a sole proprietorship owned and operated by defendant,

     Jerry Schuster, who is James Schuster's son.

          In late October or early November 1993, Vernon asked Diversey Heating

     whether it had performed the preseason service on the boiler. Defendant informed

     Vernon of his father's death. Defendant told Vernon that Diversey Heating had not

     yet performed the preseason service on the boiler, but that it would service the

     boiler immediately.

          In February 1994, the boiler stopped heating. Defendant inspected the

     boiler and told plaintiffs that it was totally broken, could not be repaired, and had

     to be replaced. Defendant told plaintiffs that Diversey Heating had no

     responsibility for the failure of the boiler and would not honor the warranty. After

     consulting a second heating contractor, plaintiffs paid $8,203 for a new boiler.

          Count I of plaintiffs' four-count complaint alleged that defendant was

     negligent in installing and servicing the boiler and instructing plaintiffs on caring

     for the boiler. Count II alleged that defendant's promise in late October or early

     November 1993 to service the boiler was the basis of a contract, and that

     defendant breached that contract.

          Count III alleged that Diversey Heating breached its warranty on the boiler,

     and count IV alleged that Diversey Heating breached its contract to install and

     service the boiler properly. In these counts, plaintiffs alleged:

                    "18. On Jim Schuster's death Jerry Schuster succeeded to

                    the assets, rights and obligations of Diversey Heating and Plumbing

                    and received the benefits of the good will associated with the name

                    of Diversey Heating and Plumbing.

                    19. Jerry Schuster d/b/a Diversey Heating and Plumbing is

                    a continuation of Jim Schuster d/b/a Diversey Heating and

                    Plumbing and a successor to the relationship, rights and obligations

                    of Diversey Heating and Plumbing under the contract and warranty

                    ***."

          On defendant's motion, the circuit court dismissed count I based on the

     economic loss doctrine enunciated in Moorman Manufacturing Co. v. National

     Tank Co., 91 Ill. 2d 69 (1982). The court dismissed counts III and IV "because

     this defendant cannot be held liable for any obligations of his father's sole propri-

     etorship." The court limited count II "to events occurring after the death of James

     Schuster on October 20, 1993." The court also found no just reason to delay an

     appeal of the decision. See 155 Ill. 2d R. 304(a).

          Plaintiffs appealed from the dismissal of counts III and IV. The appellate

     court reversed and remanded. The court noted the above-quoted allegations that

     Diversey Heating, a sole proprietorship owned and operated by defendant, was

     merely a continuation of Diversey Heating, a sole proprietorship owned and

     operated by his father, James Schuster. The appellate court held that counts III and

     IV stated a cause of action against defendant. 285 Ill. App. 3d at 863. Defendant

     appealed (166 Ill. 2d R. 315).

     

                           DISCUSSION

          This case is before us following the dismissal of plaintiffs' claims pursuant

     to section 2--615 of the Code of Civil Procedure (735 ILCS 5/2--615 (West

     1996)). A section 2--615 motion attacks the legal sufficiency of a complaint. The

     motion does not raise affirmative factual defenses, but rather alleges only defects

     on the face of the complaint. The question presented by a section 2--615 motion

     to dismiss is whether the allegations of the complaint, when viewed in a light

     most favorable to the plaintiff, are sufficient to state a cause of action upon which

     relief can be granted. Bryson, 174 Ill. 2d at 86-87; Urbaitis v. Commonwealth

     Edison, 143 Ill. 2d 458, 475 (1991). A cause of action will not be dismissed on

     the pleadings unless it clearly appears that no set of facts can be proved which

     will entitle the plaintiff to recover. Gouge v. Central Illinois Public Service Co.,

     144 Ill. 2d 535, 542 (1991).

          Moreover, Illinois is a fact-pleading jurisdiction. A plaintiff must allege

     facts sufficient to bring his or her claim within the scope of the cause of action

     asserted. Anderson v. Vanden Dorpel, 172 Ill. 2d 399, 408 (1996); People ex rel.

     Fahner v. Carriage Way West, Inc., 88 Ill. 2d 300, 308 (1981). Since ruling on

     a motion to dismiss does not require a court to weigh facts or determine

     credibility, we review the complaint de novo. Mt. Zion State Bank & Trust v.

     Consolidated Communications, Inc., 169 Ill. 2d 110, 127 (1995); Toombs v. City

     of Champaign, 245 Ill. App. 3d 580, 583 (1993).

          The issue presented here is whether plaintiffs sufficiently alleged that

     defendant succeeded to the liability of his father, James Schuster, doing business

     as Diversey Heating. The well-settled general rule is that a corporation that

     purchases the assets of another corporation is not liable for the debts or liabilities

     of the transferor corporation. Nilsson v. Continental Machine Manufacturing Co.,

     251 Ill. App. 3d 415, 417 (1993); People ex rel. Donahue v. Perkins & Will

     Architects, Inc., 90 Ill. App. 3d 349, 351 (1980).

          The traditional rule of successor corporate nonliability "developed as a

     response to the need to protect bonafide purchasers from unassumed liability"

     (Tucker v. Paxon Machine Co., 645 F.2d 620, 623 (8th Cir. 1981)) and was

     "designed to maximize the fluidity of corporate assets" (Upholsterers'

     International Union Pension Fund v. Artistic Furniture, 920 F.2d 1323, 1325 (7th

     Cir. 1990)). The rule is the "general rule in the majority of American

     jurisdictions." Leannais v. Cincinnati, Inc., 565 F.2d 437, 439 (7th Cir. 1977);

     accord 15 W. Fletcher, Private Corporations sec. 7122 (rev. vol. 1990).

          "To offset the potentially harsh impact of the rule, however, the law also

     developed methods to protect the rights of corporate creditors after dissolution."

     Tucker, 645 F.2d at 623. There are four exceptions to the general rule of successor

     corporate nonliability: (1) where there is an express or implied agreement of

     assumption; (2) where the transaction amounts to a consolidation or merger of the

     purchaser or seller corporation; (3) where the purchaser is merely a continuation

     of the seller; or (4) where the transaction is for the fraudulent purpose of escaping

     liability for the seller's obligations. Steel Co. v. Morgan Marshall Industries, Inc.,

     278 Ill. App. 3d 241, 248 (1996); Green v. Firestone Tire & Rubber Co., 122 Ill.

     App. 3d 204, 209 (1984), quoting Hernandez v. Johnson Press Corp., 70 Ill. App.

     3d 664, 667 (1979). These exceptions are equally recognized in most American

     jurisdictions. See, e.g., Bud Antle, Inc. v. Eastern Foods, Inc., 758 F.2d 1451,

     1456 (11th Cir. 1985); Welco Industries, Inc. v. Applied Cos., 67 Ohio St. 3d 344,

     347, 617 N.E.2d 1129, 1132 (1993); Baltimore Luggage Co. v. Holtzman, 80 Md.

     App. 282, 290, 562 A.2d 1286, 1289-90 (1989). Relying on the third exception,

     plaintiffs alleged that Diversey Heating, the sole proprietorship of defendant, was

     the mere continuation of his father's sole proprietorship.

          The continuation exception to the rule of successor corporate nonliability

     applies when the purchasing corporation is merely a continuation or reincarnation

     of the selling corporation. Grand Laboratories, Inc. v. Midcon Labs of Iowa, Inc.,

     32 F.3d 1277, 1282 (8th Cir. 1994), quoting Bud Antle, 758 F.2d at 1458. In other

     words, the purchasing corporation maintains the same or similar management and

     ownership, but merely "wears different clothes." Bud Antle, 758 F.2d at 1458;

     Nilsson, 251 Ill. App. 3d at 418. The rationale of this exception is as follows:

               "The exception is designed to prevent a situation whereby the

                    specific purpose of acquiring assets is to place those assets out of

                    the reach of the predecessor's creditors. *** To allow the

                    predecessor to escape liability by merely changing hats would

                    amount to fraud. Thus, the underlying theory of the exception is

                    that, if a corporation goes through a mere change in form without

                    a significant change in substance, it should not be allowed to

                    escape liability." Baltimore Luggage, 80 Md. App. at 297, 562

                    A.2d at 1293.

          Although purporting to apply the continuation exception to this case, the

     appellate court did not accurately state the test of continuation. In determining

     whether one corporation is a continuation of another, the test used in the majority

     of jurisdictions is whether there is a continuation of the corporate entity of the

     seller--not whether there is a continuation of the seller's business operation, as the

     dissent appears to emphasize. Grand Laboratories, Inc., 32 F.3d at 1282-83,

     quoting Bud Antle, 758 F.2d at 1458; Travis v. Harris Corp., 565 F.2d 443, 447

     (7th Cir. 1977). Thus, "[t]he majority of courts considering this exception

     emphasize a common identity of officers, directors, and stock between the selling

     and purchasing corporation as the key element of a `continuation.' " Tucker, 645

     F.2d at 625-26, citing, inter alia, Leannis v. Cincinnati, Inc., 565 F.2d 437, 440

     (7th Cir. 1977). In accord with the majority view, our appellate court has "con-

     sistently required identity of ownership before imposing successor liability under

     [the continuation exception]." Nilsson, 251 Ill. App. 3d at 418 (and cases cited

     therein). The appellate court's statement of the test of continuation, endorsed by

     the dissent, i.e., that common identity of ownership is only one factor out of

     many, is not the majority view. See 285 Ill. App. 3d at 861, citing Kaeser &

     Blair, Inc. v. Willens, 845 F. Supp. 1228, 1233 (N.D. Ill. 1993); slip op. at 9

     (Bilandic, J., dissenting, joined by Miller and McMorrow, JJ.).

          We note that in M.I.G. Investments, Inc. v. Marsala, 92 Ill. App. 3d 400

     (1981), our appellate court applied this reasoning in concluding that a sole

     proprietorship which bought the business and assets of a partnership was not liable

     as a continuation of the partnership. The partnership's trade name remained on

     equipment acquired by the sole proprietorship. However, both the partnership and

     the sole proprietorship "retained their separate identities," and none of the partners

     "had any interest in the management" of the sole proprietorship. M.I.G.

     Investments, 92 Ill. App. 3d at 404.

          Common identity of ownership is lacking when one sole proprietorship

     succeeds another. It is well settled that a sole proprietorship has no legal identity

     separate from that of the individual who owns it. The sole proprietor may do

     business under a fictitious name if he or she chooses. However, doing business

     under another name does not create an entity distinct from the person operating

     the business. The individual who does business as a sole proprietor under one or

     several names remains one person, personally liable for all his or her obligations.

     Patterson v. V&M Auto Body, 63 Ohio St. 3d 573, 574-75, 589 N.E.2d 1306, 1308

     (1992), quoting Duval v. Midwest Auto City, Inc., 425 F. Supp. 1381, 1387 (D.

     Neb. 1977); accord Pinkerton's, Inc. v. Superior Court, 49 Cal. App. 4th 1342,

     1348-49, 57 Cal. Rptr. 2d 356, 360 (1996) (collecting cases). A sole proprietor

     may hire others, with whom the proprietor enters into the relation of employer and

     employee, or principal and agent. H. Henn & J. Alexander, Corporations sec. 18

     (3d ed. 1983). Thus, one commentator has stated: "There is generally no continuity

     of existence because on the death of the proprietor, the proprietorship obviously

     ends." H. Henn & J. Alexander, Corporations sec. 18, at 59 (3d ed. 1983). See

     generally J. Moye, The Law of Business Organizations sec. 1.01 et seq. (2d ed.

     1982); H. Reuschlein & W. Gregory, Agency and Partnership secs. 169 through

     173 (1979).

          In this case, therefore, it must be remembered that "Diversey Heating" has

     no legal existence. Diversey Heating was only a pseudonym for James Schuster.

     Once he died, Diversey Heating ceased to exist. Now, Diversey Heating is only

     a pseudonym for defendant.

          Based on the obvious lack of common identity of ownership, the

     continuation exception to the rule of successor corporate nonliability cannot be

     applied to defendant. Plaintiffs alleged that James Schuster was the sole proprietor

     of Diversey Heating until his death and, after which, defendant became the sole

     proprietor of Diversey Heating. Plaintiffs did not allege that defendant held any

     type of ownership interest in James Schuster's sole proprietorship. Indeed, by

     definition, defendant could not. Plaintiffs did not allege the existence of any busi-

     ness entity that could survive the death of James Schuster.

          Once sole proprietor James Schuster died, he could not be the same sole

     proprietor as defendant, who became a sole proprietor after his father's death.

     James Schuster and defendant, one succeeding the other, cannot be the same

     entity. See Elizabeth Gamble Deaconess Home Ass'n v. Turner Construction Co.,

     38 Ohio Misc. 2d 17, 20-21, 526 N.E.2d 1368, 1372 (1986). Even if defendant

     inherited Diversey Heating from his father, defendant would not have continued

     his father's sole proprietorship, but rather would have started a new sole

     proprietorship. See H. Henn & J. Alexander, Corporations sec. 18, at 59 (3d ed.

     1983); J. Moye, The Law of Business Organizations sec. 1.03, at 3 (2d ed. 1982).

          We also note that plaintiffs did not allege that defendant falls within any

     of the other three exceptions to the rule of successor corporate nonliability.

     Plaintiffs did not allege that James Schuster and defendant agreed that defendant

     would assume James Schuster's liabilities and obligations. Plaintiffs did not allege

     and, logically, could not allege, that defendant consolidated or merged with James

     Schuster. Also, plaintiffs did not allege that James Schuster fraudulently trans-

     ferred Diversey Heating to defendant to escape liability. We agree with the circuit

     court that, under the rule of successor corporate nonliability, defendant is not

     liable for the obligations of his father's sole proprietorship.

     

                           CONCLUSION

          For the foregoing reasons, the judgment of the appellate court is reversed,

     the judgment of the circuit court of Cook County is affirmed, and the cause is

     remanded to the circuit court for consideration of plaintiffs' remaining claim.

     

     Appellate court reversed;

                                        circuit court affirmed;

                                                cause remanded.

                                                               

                                                                      JUSTICE BILANDIC, dissenting:

          I respectfully dissent. The plaintiffs' complaint alleged that the plaintiffs

     purchased a boiler from Diversey Heating and Plumbing, a business engaged in

     the selling, installing and servicing of heating and plumbing systems located at

     2830 N. Lincoln in Chicago. At the time of the plaintiffs' purchase, Jim Schuster

     owned Diversey Heating and his son, defendant Jerry Schuster, worked with him

     in the business. When Jim died in October 1993, Jerry took over the business.

     Apparently without interruption, Jerry continued to operate Diversey Heating and

     Plumbing as a business engaged in the selling, installing and servicing of heating

     and plumbing systems. Not only did Jerry retain the name of his father's business,

     he also continued to operate the business out of the same location and apparently

     continued to service his father's customers, as evidenced by his dealings with the

     plaintiffs alleged in count II of the plaintiffs' complaint. In my view, these alleged

     facts clearly provide sufficient support for the plaintiffs' allegation that Jerry

     Schuster d/b/a Diversey Heating and Plumbing was a mere continuation of Jim

     Schuster d/b/a Diversey Heating and Plumbing. Yet, despite these allegations, the

     majority finds it appropriate to uphold the dismissal of the plaintiffs' successor

     liability claims on a section 2--615 motion. I cannot agree that the plaintiffs'

     claims should be so prematurely rejected.

          The majority finds that, as a matter of law, the plaintiffs cannot prove

     successor liability in this case. The sole reason successor liability is not possible

     is that Jim Schuster was a sole proprietor. According to the majority, no other fact

     or circumstance is relevant because the "essential" element of continuity of

     ownership is absent. I disagree. As the majority notes, the reason for recognizing

     exceptions to the general rule of nonliability for successor businesses is to "offset

     the potentially harsh impact" of the rule. Slip op. at 4. Accordingly, those

     exceptions should be interpreted and applied in a manner that attempts to achieve

     fairness in a particular situation. The majority, however, ignores that consideration

     and applies an overly restrictive interpretation of the mere continuation exception.

     Under the majority's view, even when the facts of a case overwhelmingly

     demonstrate that a successor business is a mere continuation of the predecessor,

     a lack of common ownership will allow the successor to escape liability. I would

     apply an interpretation of the mere continuation exception which considers the

     totality of the circumstances surrounding the transfer to determine if the successor

     business is merely a continuation of the predecessor. Continuity of ownership is

     only one consideration, and its absence should not defeat a plaintiff's claim if the

     remainder of the circumstances clearly demonstrate that the exception should, in

     fairness, apply. Other courts have followed such an approach to this exception.

     See Kaeser & Blair, Inc. v. Willens, 845 F. Supp. 1228, 1233 (N.D. Ill. 1993); C.

     Mac Chambers Co. v. Iowa Tae Kwon Do Academy, Inc., 412 N.W.2d 593, 597

     (Iowa 1987); see also Baltimore Luggage Co. v. Holtzman, 80 Md. App. 282, 297,

     562 A.2d 1286, 1293 (1989) (noting that, while " `common officers, directors, and

     stockholders' " is a traditional indication of a continuing corporation, it is not an

     essential factor), quoting 15 W. Fletcher, Private Corporations sec. 7122 (Perm.

     ed. Supp. 1988). In this case, liberally construing the plaintiffs' complaint, I would

     find that the plaintiffs sufficiently alleged that Jerry Schuster d/b/a Diversey

     Heating and Plumbing was a mere continuation of Jim Schuster d/b/a/ Diversey

     Heating and Plumbing.

          I note that the defendant contends that, even if common ownership is not

     essential, the plaintiffs have failed to allege sufficient facts regarding the transfer

     of the business from Jim to Jerry to support the mere continuation exception. As

     noted above, I believe that the facts alleged by the plaintiffs are sufficient to state

     a claim pursuant to that exception. Further, it must be noted that the trial court

     prevented the plaintiffs from obtaining discovery from the defendant by staying

     discovery pending the outcome of the defendant's motion to dismiss. The plaintiffs

     should therefore not be faulted for failing to include in their complaint more

     specifics regarding the transfer of the business. Discovery may support the

     plaintiffs' claim that the defendant's business was a mere continuation of his

     father's business, or it may reveal that the defendant's business was not a mere

     continuation. The plaintiffs should be allowed the opportunity to discover the true

     nature of the transfer of the business from Jim to Jerry.

          In addition, I would also find that the plaintiffs' complaint sufficiently

     alleged a second exception to the general rule of successor nonliability. The

     plaintiffs alleged that, on Jim's death, the defendant succeeded to the assets, rights

     and obligations of Jim's business. In my view, this allegation is sufficient to allow

     the plaintiffs to proceed under the theory that the defendant expressly or impliedly

     assumed the obligations of his father's business. Due to the trial court's restriction

     on discovery, at this juncture, we have no knowledge of the circumstances of the

     transfer of the business from Jim to Jerry. Discovery may well reveal that, in the

     course of that transfer, the defendant either expressly or impliedly agreed to

     assume the obligations of the business, along with its assets and rights. Supporting

     that conclusion is the fact that the defendant continued to operate the business out

     of the same location as his father. This suggests that the defendant may have

     assumed at least one of the obligations of his father's business, the lease. The

     plaintiffs should have the opportunity to discover the full extent of the terms under

     which the defendant acquired his father's business.

          In sum, I believe that the plaintiffs' successor liability counts against the

     defendant should be permitted to proceed. The plaintiffs' allegations, when viewed

     in the light most favorable to the plaintiffs, are clearly sufficient to state a cause

     of action upon which relief can be granted. Dismissal of the plaintiffs' claims

     under section 2--615 was therefore improper. I would affirm the judgment of the

     appellate court reversing the dismissal.

     

          JUSTICES MILLER and McMORROW join in this dissent.