LORI ANN NILSSON, Plaintiff-Appellant, v. CONTINENTAL MACHINE MANUFACTURING COMPANY, Defendant-Appellee.

Second District   No. 2—92—1216

Opinion filed October 7, 1993.

David J. Comeau, of Anesi, Ozmon & Rodin, Ltd., of Chicago, for appellant.

David A. Kolb and Robert A. Chaney, both of Purcell & Wardrope, Chartered, of Chicago, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

Plaintiff, Lori Ann Nilsson, appeals the circuit court's order granting summary judgment to defendant, Continental Machine Manufacturing Company (CMM), on plaintiff's two-count complaint alleging products liability and negligence. Plaintiff contends that the court erred in granting summary judgment where issues of material fact existed concerning whether defendant corporation was a "mere continuation" of the manufacturer of the machine which injured plaintiff. Alternatively, plaintiff urges this court to adopt the "product line" theory of products liability.

Plaintiff's complaint alleges that, in the course of her employment as a machine operator, she was injured by a pipe and tube cutoff machine which defendant had "designed, prepared, manufactured, advertised, distributed, supplied and/or sold." Count I alleged that the machine was unreasonably unsafe at the time it left the manufacturer's premises. Count II alleged common-law negligence in the inspection, maintenance and repair of the machine, and in the failure to give adequate warnings of its dangerous condition.

Defendant moved for summary judgment. In its motion and supporting memorandum, defendant contended that it could not be liable for plaintiff's injuries because it did not manufacture the machine which injured her.

Defendant supported its motion with the deposition of Franklyn Robbins. According to Robbins' undisputed testimony, prior to 1986, Continental Machine Company (Continental) manufactured the Continental 6A Model pipe and tube cutoff machine. Records showed that the specific machine which injured plaintiff was sold by Continental in 1978.

In July 1986, Robbins was the president of Fredor Corporation, which was in the business of acquiring the assets of other companies.

Robbins and Bill Holmes were the only shareholders and officers of Fredor. In July 1986, Fredor purchased all the production assets of Continental. These assets included the pipe and tube machine product line, as well as another machine developed by CMM. On July 1, 1986, Fredor incorporated CMM and transferred the assets purchased from Continental to CMM. CMM continued to manufacture the same product lines as Continental.

The shareholders of Continental were Charles Siewert and Herbert Barten. Siewert and Barten did not become shareholders, officers or employees of Fredor or CMM. Except for the "retirement" of Siewert and Barten, most of the employees of Continental became employees of CMM. After the sale of assets to Fredor, Continental continued to exist, but had no productive assets. Continental continued to own the building on which the productive assets were located and leased it to CMM. Continental later changed its name to Sieten Corp.

The trial court granted defendant's motion, finding that defendant did not manufacture the machine that injured plaintiff and that defendant did not become liable for the debts and liabilities of Continental by virtue of the asset purchase agreement. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff first contends that the court should not have granted summary judgment for defendant because questions of material fact exist concerning whether defendant was the "mere continuation" of Continental.

Summary judgment is a drastic means of disposing of litigation and should be allowed only when the right of the moving party to judgment is clear and free from doubt. (*Mitchell v. Jewel Food Stores* (1990), 142 Ill. 2d 152, 165.) The purpose of a summary judgment proceeding is to determine whether there are any genuine issues of material fact which should be tried. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.) If the pleadings, depositions and affidavits reveal no genuine issue of material fact, then the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1992); *Vesey v. Chicago Housing Authority* (1991), 145 Ill. 2d 404, 411.

■ Generally, a corporation that purchases the assets of another corporation is not liable for the debts and liabilities of the seller. (*Nguyen v. Johnson Machine & Press Corp.* (1982), 104 Ill. App. 3d 1141, 1143.) The recognized exceptions to this rule are when (1) an express or implied agreement of assumption exists; (2) the transaction amounts to a merger of the seller into the buyer or a consolidation of the two; (3) the buyer is a mere continuation of the seller; or (4) the

transaction is fraudulent in that it was entered into to allow the seller to escape its liabilities. *Nguyen*, 104 Ill. App. 3d at 1143.

Plaintiff correctly points out that Illinois courts have held that the most important factor in determining whether a *de jure* or *de facto* merger has occurred is identity of ownership of the new and former corporations. (See, *e.g., Nguyen*, 104 Ill. App. 3d at 1143.) Plaintiff contends that Illinois courts have also required identity of shareholders under the "mere continuation" exception, rendering the two concepts indistinguishable. Plaintiff postulates that, in order to render the two concepts conceptually distinct, this court should recognize the mere continuation exception even in the absence of a continuity of ownership. According to plaintiff, applying the exception in this fashion to the facts of this case results in a finding of liability on the part of defendant.

Illinois courts have indeed recognized that the *de facto* merger and mere continuation exceptions to successor corporation nonliability are "inseparable" (*Green v. Firestone Tire & Rubber Co.* (1984), 122 Ill. App. 3d 204, 210) and that a continuity of stock ownership is critical to a finding of successor liability under either theory (*Green*, 122 Ill. App. 3d at 210; *Myers v. Putzmeister, Inc.* (1992), 232 Ill. App. 3d 419, 423). It does not follow, however, that the two concepts are indistinguishable.

The mere continuation exception applies where a corporate reorganization has taken place (*People ex rel. Donahue v. Perkins & Will Architects, Inc.* (1980), 90 Ill. App. 3d 349, 353), so that the corporation has simply "put on a new coat" (*Kraft v. Garfield Park Community Hospital* (1938), 296 Ill. App. 613, 619). A merger, on the other hand, involves the combining of two existing corporations into a single successor corporation. (19 Am. Jur. 2d *Corporations* §2510 (1986).) As noted, Illinois courts have consistently required identity of ownership before imposing successor liability under either theory. (*Myers*, 232 Ill. App. 3d at 423; *Green*, 122 Ill. App. 3d at 210.) We see no reason to deviate from the established requirement of the existence of an identity of ownership before there is liability under the facts of this case.

■ Alternatively, plaintiff urges us to adopt the "product line" theory of products liability. This theory, first espoused by the California Supreme Court in *Ray v. Alad Corp.* (1977), 19 Cal. 3d 22, 560 P.2d 3, 136 Cal. Rptr. 574, holds that a party which acquires a product line under circumstances similar to those of this case assumes strict tort liability for defects in units of the same product manufactured by the seller. This theory has been rejected numerous times by the Illi-

nois Appellate Court. (See *Gonzalez v. Rock Wool Engineering & Equipment Co.* (1983), 117 Ill. App. 3d 435, 440 (and cases cited therein).) The arguments which plaintiff raises were raised and rejected in those cases. Plaintiff provides no compelling reason to disturb these precedents.

Plaintiff does not dispute the facts contained in Robbins' deposition and accompanying documents. These facts demonstrate that there was no continuity of ownership between Continental and CMM. Therefore, the court did not err in concluding that CMM was not a mere continuation of Continental and in refusing to hold the former liable for injuries caused by a machine manufactured by the latter.

For the foregoing reasons, the judgment of the circuit court granting judgment for defendant is affirmed.

Affirmed.

UNVERZAGT and QUETSCH, JJ., concur.