(No. 82680.—

GEORGE VERNON *et al.*, Appellees, v. JERRY SCHUSTER, d/b/a Diversey Heating and Plumbing, Appellant.

*Opinion filed December 18, 1997.*

BILANDIC, J., joined by MILLER and McMORROW, JJ., dissenting.

Richard L. Curry, William L. Barr, Jr., and Robert M. Moye, of Bell, Boyd & Lloyd, of Chicago, for appellant.

George Vernon, of Leng, Stowell, Friedman & Vernon, of Chicago, for appellees.

CHIEF JUSTICE FREEMAN delivered the opinion of the court:

Plaintiffs, George Vernon and Nancy Baker, brought an action in the circuit court of Cook County against defendant, Jerry Schuster, doing business as Diversey Heating and Plumbing. Plaintiffs alleged, *inter alia*, that defendant, a sole proprietorship, succeeded to the liability of a predecessor sole proprietorship for breach of contract and breach of warranty claims.

The circuit court dismissed those claims for failure to state a cause of action. The appellate court reversed and remanded. 285 Ill. App. 3d 857. We allowed defendant's petition for leave to appeal. 166 Ill. 2d R. 315(a). We now reverse the appellate court and remand the cause to the circuit court for further proceedings.

## BACKGROUND

In determining whether to allow a motion to dismiss, a court must take as true all well-pled allegations of fact contained in the complaint and construe all reasonable inferences therefrom in favor of the plaintiff. *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 86 (1996).

Plaintiffs' first-amended complaint alleged as follows. In November 1989, plaintiffs owned a building at 953 W. Webster Avenue in Chicago. James Schuster was a sole proprietor doing business as Diversey Heating and Plumbing (Diversey Heating). Diversey Heating was in the business of selling, installing, and servicing heating and plumbing systems.

Plaintiffs contracted with Diversey Heating to replace the boiler in their building. Diversey Heating warranted for 10 years portions of the boiler against cracking. In the course of installing the boiler, Diversey Heating employees sealed a valve with a pipe, which prevented the valve from draining water from the boiler. Diversey Heating instructed Baker that the only care the boiler would need was an annual preseason servicing prior to the heating season. Diversey also admonished plaintiffs not to drain water from the boiler because that could severely damage it.

From 1990 through 1992, plaintiffs paid Diversey Heating to inspect and service the boiler annually. In September or October 1993, Baker and James Schuster agreed that Diversey Heating would perform preseason service on the boiler.

On October 20, 1993, James Schuster died. Beginning on that date, Diversey Heating was a sole proprietorship owned and operated by defendant, Jerry Schuster, who is James Schuster's son.

In late October or early November 1993, Vernon asked Diversey Heating whether it had performed the preseason service on the boiler. Defendant informed Vernon of his father's death. Defendant told Vernon that Diversey Heating had not yet performed the preseason service on the boiler, but that it would service the boiler immediately.

In February 1994, the boiler stopped heating. Defendant inspected the boiler and told plaintiffs that it was totally broken, could not be repaired, and had to be replaced. Defendant told plaintiffs that Diversey Heating had no responsibility for the failure of the boiler and would not honor the warranty. After consulting a second heating contractor, plaintiffs paid $8,203 for a new boiler.

Count I of plaintiffs' four-count complaint alleged

that defendant was negligent in installing and servicing the boiler and instructing plaintiffs on caring for the boiler. Count II alleged that defendant's promise in late October or early November 1993 to service the boiler was the basis of a contract, and that defendant breached that contract.

Count III alleged that Diversey Heating breached its warranty on the boiler, and count IV alleged that Diversey Heating breached its contract to install and service the boiler properly. In these counts, plaintiffs alleged:

"18. On Jim Schuster's death Jerry Schuster succeeded to the assets, rights and obligations of Diversey Heating and Plumbing and received the benefits of the good will associated with the name of Diversey Heating and Plumbing.

19. Jerry Schuster d/b/a Diversey Heating and Plumbing is a continuation of Jim Schuster d/b/a Diversey Heating and Plumbing and a successor to the relationship, rights and obligations of Diversey Heating and Plumbing under the contract and warranty ***."

On defendant's motion, the circuit court dismissed count I based on the economic loss doctrine enunciated in *Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill. 2d 69 (1982). The court dismissed counts III and IV "because this defendant cannot be held liable for any obligations of his father's sole proprietorship." The court limited count II "to events occurring after the death of James Schuster on October 20, 1993." The court also found no just reason to delay an appeal of the decision. See 155 Ill. 2d R. 304(a).

Plaintiffs appealed from the dismissal of counts III and IV. The appellate court reversed and remanded. The court noted the above-quoted allegations that Diversey Heating, a sole proprietorship owned and operated by defendant, was merely a continuation of Diversey Heating, a sole proprietorship owned and operated by his father, James Schuster. The appellate court held that counts III and IV stated a cause of action against

defendant. 285 Ill. App. 3d at 863. Defendant appealed (166 Ill. 2d R. 315).

## DISCUSSION

This case is before us following the dismissal of plaintiffs' claims pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1996)). A section 2—615 motion attacks the legal sufficiency of a complaint. The motion does not raise affirmative factual defenses, but rather alleges only defects on the face of the complaint. The question presented by a section 2—615 motion to dismiss is whether the allegations of the complaint, when viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. *Bryson*, 174 Ill. 2d at 86-87; *Urbaitis v. Commonwealth Edison*, 143 Ill. 2d 458, 475 (1991). A cause of action will not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover. *Gouge v. Central Illinois Public Service Co.*, 144 Ill. 2d 535, 542 (1991).

Moreover, Illinois is a fact-pleading jurisdiction. A plaintiff must allege facts sufficient to bring his or her claim within the scope of the cause of action asserted. *Anderson v. Vanden Dorpel*, 172 Ill. 2d 399, 408 (1996); *People ex rel. Fahner v. Carriage Way West, Inc.*, 88 Ill. 2d 300, 308 (1981). Since ruling on a motion to dismiss does not require a court to weigh facts or determine credibility, we review the complaint *de novo*. *Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.*, 169 Ill. 2d 110, 127 (1995); *Toombs v. City of Champaign*, 245 Ill. App. 3d 580, 583 (1993).

The issue presented here is whether plaintiffs sufficiently alleged that defendant succeeded to the liability of his father, James Schuster, doing business as Diversey Heating. The well-settled general rule is that a corporation that purchases the assets of another

corporation is not liable for the debts or liabilities of the transferor corporation. *Nilsson v. Continental Machine Manufacturing Co.*, 251 Ill. App. 3d 415, 417 (1993); *People ex rel. Donahue v. Perkins & Will Architects, Inc.*, 90 Ill. App. 3d 349, 351 (1980).

The traditional rule of successor corporate nonliability "developed as a response to the need to protect bonafide purchasers from unassumed liability" (*Tucker v. Paxon Machine Co.*, 645 F.2d 620, 623 (8th Cir. 1981)) and was "designed to maximize the fluidity of corporate assets" (*Upholsterers' International Union Pension Fund v. Artistic Furniture*, 920 F.2d 1323, 1325 (7th Cir. 1990)). The rule is the "general rule in the majority of American jurisdictions." *Leannais v. Cincinnati, Inc.*, 565 F.2d 437, 439 (7th Cir. 1977); accord 15 W. Fletcher, Private Corporations § 7122 (rev. vol. 1990).

"To offset the potentially harsh impact of the rule, however, the law also developed methods to protect the rights of corporate creditors after dissolution." *Tucker*, 645 F.2d at 623. There are four exceptions to the general rule of successor corporate nonliability: (1) where there is an express or implied agreement of assumption; (2) where the transaction amounts to a consolidation or merger of the purchaser or seller corporation; (3) where the purchaser is merely a continuation of the seller; or (4) where the transaction is for the fraudulent purpose of escaping liability for the seller's obligations. *Steel Co. v. Morgan Marshall Industries, Inc.*, 278 Ill. App. 3d 241, 248 (1996); *Green v. Firestone Tire & Rubber Co.*, 122 Ill. App. 3d 204, 209 (1984), quoting *Hernandez v. Johnson Press Corp.*, 70 Ill. App. 3d 664, 667 (1979). These exceptions are equally recognized in most American jurisdictions. See, *e.g., Bud Antle, Inc. v. Eastern Foods, Inc.*, 758 F.2d 1451, 1456 (11th Cir. 1985); *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St. 3d 344, 347, 617 N.E.2d 1129, 1132 (1993); *Baltimore Luggage Co. v.*

*Holtzman,* 80 Md. App. 282, 290, 562 A.2d 1286, 1289-90 (1989). Relying on the third exception, plaintiffs alleged that Diversey Heating, the sole proprietorship of defendant, was the mere continuation of his father's sole proprietorship.

The continuation exception to the rule of successor corporate nonliability applies when the purchasing corporation is merely a continuation or reincarnation of the selling corporation. *Grand Laboratories, Inc. v. Midcon Labs of Iowa, Inc.,* 32 F.3d 1277, 1282 (8th Cir. 1994), quoting *Bud Antle,* 758 F.2d at 1458. In other words, the purchasing corporation maintains the same or similar management and ownership, but merely "wears different clothes." *Bud Antle,* 758 F.2d at 1458; *Nilsson,* 251 Ill. App. 3d at 418. The rationale of this exception is as follows:

> "The exception is designed to prevent a situation whereby the specific purpose of acquiring assets is to place those assets out of the reach of the predecessor's creditors. \*\*\* To allow the predecessor to escape liability by merely changing hats would amount to fraud. Thus, the underlying theory of the exception is that, if a corporation goes through a mere change in form without a significant change in substance, it should not be allowed to escape liability." *Baltimore Luggage,* 80 Md. App. at 297, 562 A.2d at 1293.

Although purporting to apply the continuation exception to this case, the appellate court did not accurately state the test of continuation. In determining whether one corporation is a continuation of another, the test used in the majority of jurisdictions is whether there is a continuation of the *corporate entity of the seller*—not whether there is a continuation of the *seller's business operation,* as the dissent appears to emphasize. *Grand Laboratories, Inc.,* 32 F.3d at 1282-83, quoting *Bud Antle,* 758 F.2d at 1458; *Travis v. Harris Corp.,* 565 F.2d 443, 447 (7th Cir. 1977). Thus, "[t]he majority of courts considering this exception emphasize a common

identity of officers, directors, and stock between the selling and purchasing corporation as the key element of a 'continuation.' " *Tucker*, 645 F.2d at 625-26, citing, *inter alia, Leannis v. Cincinnati, Inc.*, 565 F.2d 437, 440 (7th Cir. 1977). In accord with the majority view, our appellate court has "consistently required identity of ownership before imposing successor liability under [the continuation exception]." *Nilsson*, 251 Ill. App. 3d at 418 (and cases cited therein). The appellate court's statement of the test of continuation, endorsed by the dissent, *i.e.*, that common identity of ownership is only one factor out of many, is not the majority view. See 285 Ill. App. 3d at 861, citing *Kaeser & Blair, Inc. v. Willens*, 845 F. Supp. 1228, 1233 (N.D. Ill. 1993); 179 Ill. 2d at 351 (Bilandic, J., dissenting, joined by Miller and McMorrow, JJ.).

We note that in *M.I.G. Investments, Inc. v. Marsala*, 92 Ill. App. 3d 400 (1981), our appellate court applied this reasoning in concluding that a sole proprietorship which bought the business and assets of a partnership was not liable as a continuation of the partnership. The partnership's trade name remained on equipment acquired by the sole proprietorship. However, both the partnership and the sole proprietorship "retained their separate identities," and none of the partners "had any interest in the management" of the sole proprietorship. *M.I.G. Investments*, 92 Ill. App. 3d at 404.

Common identity of ownership is lacking when one sole proprietorship succeeds another. It is well settled that a sole proprietorship has no legal identity separate from that of the individual who owns it. The sole proprietor may do business under a fictitious name if he or she chooses. However, doing business under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names

348

remains one person, personally liable for all his or her obligations. *Patterson v. V&M Auto Body*, 63 Ohio St. 3d 573, 574-75, 589 N.E.2d 1306, 1308 (1992), quoting *Duval v. Midwest Auto City, Inc.*, 425 F. Supp. 1381, 1387 (D. Neb. 1977); accord *Pinkerton's, Inc. v. Superior Court*, 49 Cal. App. 4th 1342, 1348-49, 57 Cal. Rptr. 2d 356, 360 (1996) (collecting cases). A sole proprietor may hire others, with whom the proprietor enters into the relation of employer and employee, or principal and agent. H. Henn & J. Alexander, Corporations § 18 (3d ed. 1983). Thus, one commentator has stated: "There is generally no continuity of existence because on the death of the proprietor, the proprietorship obviously ends." H. Henn & J. Alexander, Corporations § 18, at 59 (3d ed. 1983). See generally J. Moye, The Law of Business Organizations § 1.01 *et seq.* (2d ed. 1982); H. Reuschlein & W. Gregory, Agency and Partnership §§ 169 through 173 (1979).

In this case, therefore, it must be remembered that "Diversey Heating" has no legal existence. Diversey Heating was only a pseudonym for James Schuster. Once he died, Diversey Heating ceased to exist. Now, Diversey Heating is only a pseudonym for defendant.

Based on the obvious lack of common identity of ownership, the continuation exception to the rule of successor corporate nonliability cannot be applied to defendant. Plaintiffs alleged that James Schuster was the sole proprietor of Diversey Heating until his death and, after which, defendant became the sole proprietor of Diversey Heating. Plaintiffs did *not* allege that defendant held any type of ownership interest in James Schuster's sole proprietorship. Indeed, by definition, defendant could not. Plaintiffs did not allege the existence of any business entity that could survive the death of James Schuster.

Once sole proprietor James Schuster died, he could

not be the same sole proprietor as defendant, who became a sole proprietor after his father's death. James Schuster and defendant, one succeeding the other, cannot be the same entity. See *Elizabeth Gamble Deaconess Home Ass'n v. Turner Construction Co.*, 38 Ohio Misc. 2d 17, 20-21, 526 N.E.2d 1368, 1372 (1986). Even if defendant inherited Diversey Heating from his father, defendant would not have continued his father's sole proprietorship, but rather would have started a new sole proprietorship. See H. Henn & J. Alexander, Corporations § 18, at 59 (3d ed. 1983); J. Moye, The Law of Business Organizations § 1.03, at 3 (2d ed. 1982).

We also note that plaintiffs did not allege that defendant falls within any of the other three exceptions to the rule of successor corporate nonliability. Plaintiffs did not allege that James Schuster and defendant agreed that defendant would assume James Schuster's liabilities and obligations. Plaintiffs did not allege and, logically, could not allege, that defendant consolidated or merged with James Schuster. Also, plaintiffs did not allege that James Schuster fraudulently transferred Diversey Heating to defendant to escape liability. We agree with the circuit court that, under the rule of successor corporate nonliability, defendant is not liable for the obligations of his father's sole proprietorship.

## CONCLUSION

For the foregoing reasons, the judgment of the appellate court is reversed, the judgment of the circuit court of Cook County is affirmed, and the cause is remanded to the circuit court for consideration of plaintiffs' remaining claim.

*Appellate court reversed;*
*circuit court affirmed;*
*cause remanded.*

350

JUSTICE BILANDIC, dissenting:

I respectfully dissent. The plaintiffs' complaint alleged that the plaintiffs purchased a boiler from Diversey Heating and Plumbing, a business engaged in the selling, installing and servicing of heating and plumbing systems located at 2830 N. Lincoln in Chicago. At the time of the plaintiffs' purchase, Jim Schuster owned Diversey Heating and his son, defendant Jerry Schuster, worked with him in the business. When Jim died in October 1993, Jerry took over the business. Apparently without interruption, Jerry continued to operate Diversey Heating and Plumbing as a business engaged in the selling, installing and servicing of heating and plumbing systems. Not only did Jerry retain the name of his father's business, he also continued to operate the business out of the same location and apparently continued to service his father's customers, as evidenced by his dealings with the plaintiffs alleged in count II of the plaintiffs' complaint. In my view, these alleged facts clearly provide sufficient support for the plaintiffs' allegation that Jerry Schuster d/b/a Diversey Heating and Plumbing was a mere continuation of Jim Schuster d/b/a Diversey Heating and Plumbing. Yet, despite these allegations, the majority finds it appropriate to uphold the dismissal of the plaintiffs' successor liability claims on a section 2—615 motion. I cannot agree that the plaintiffs' claims should be so prematurely rejected.

The majority finds that, as a matter of law, the plaintiffs cannot prove successor liability in this case. The sole reason successor liability is not possible is that Jim Schuster was a sole proprietor. According to the majority, no other fact or circumstance is relevant because the "essential" element of continuity of ownership is absent. I disagree. As the majority notes, the reason for recognizing exceptions to the general rule of nonliability for successor businesses is to "offset the

potentially harsh impact" of the rule. 179 Ill. 2d at 345. Accordingly, those exceptions should be interpreted and applied in a manner that attempts to achieve fairness in a particular situation. The majority, however, ignores that consideration and applies an overly restrictive interpretation of the mere continuation exception. Under the majority's view, even when the facts of a case overwhelmingly demonstrate that a successor business is a mere continuation of the predecessor, a lack of common ownership will allow the successor to escape liability. I would apply an interpretation of the mere continuation exception which considers the totality of the circumstances surrounding the transfer to determine if the successor business is merely a continuation of the predecessor. Continuity of ownership is only one consideration, and its absence should not defeat a plaintiff's claim if the remainder of the circumstances clearly demonstrate that the exception should, in fairness, apply. Other courts have followed such an approach to this exception. See *Kaeser & Blair, Inc. v. Willens*, 845 F. Supp. 1228, 1233 (N.D. Ill. 1993); *C. Mac Chambers Co. v. Iowa Tae Kwon Do Academy, Inc.*, 412 N.W.2d 593, 597 (Iowa 1987); see also *Baltimore Luggage Co. v. Holtzman*, 80 Md. App. 282, 297, 562 A.2d 1286, 1293 (1989) (noting that, while " 'common officers, directors, and stockholders' " is a traditional indication of a continuing corporation, it is not an essential factor), quoting 15 W. Fletcher, Private Corporations § 7122 (Perm. ed. Supp. 1988). In this case, liberally construing the plaintiffs' complaint, I would find that the plaintiffs sufficiently alleged that Jerry Schuster d/b/a Diversey Heating and Plumbing was a mere continuation of Jim Schuster d/b/a/ Diversey Heating and Plumbing.

I note that the defendant contends that, even if common ownership is not essential, the plaintiffs have failed to allege sufficient facts regarding the transfer of the

business from Jim to Jerry to support the mere continuation exception. As noted above, I believe that the facts alleged by the plaintiffs are sufficient to state a claim pursuant to that exception. Further, it must be noted that the trial court prevented the plaintiffs from obtaining discovery from the defendant by staying discovery pending the outcome of the defendant's motion to dismiss. The plaintiffs should therefore not be faulted for failing to include in their complaint more specifics regarding the transfer of the business. Discovery may support the plaintiffs' claim that the defendant's business was a mere continuation of his father's business, or it may reveal that the defendant's business was not a mere continuation. The plaintiffs should be allowed the opportunity to discover the true nature of the transfer of the business from Jim to Jerry.

In addition, I would also find that the plaintiffs' complaint sufficiently alleged a second exception to the general rule of successor nonliability. The plaintiffs alleged that, on Jim's death, the defendant succeeded to the assets, rights *and obligations* of Jim's business. In my view, this allegation is sufficient to allow the plaintiffs to proceed under the theory that the defendant expressly or impliedly assumed the obligations of his father's business. Due to the trial court's restriction on discovery, at this juncture, we have no knowledge of the circumstances of the transfer of the business from Jim to Jerry. Discovery may well reveal that, in the course of that transfer, the defendant either expressly or impliedly agreed to assume the obligations of the business, along with its assets and rights. Supporting that conclusion is the fact that the defendant continued to operate the business out of the same location as his father. This suggests that the defendant may have assumed at least one of the obligations of his father's business, the lease. The plaintiffs should have the opportunity to discover the

full extent of the terms under which the defendant acquired his father's business.

In sum, I believe that the plaintiffs' successor liability counts against the defendant should be permitted to proceed. The plaintiffs' allegations, when viewed in the light most favorable to the plaintiffs, are clearly sufficient to state a cause of action upon which relief can be granted. Dismissal of the plaintiffs' claims under section 2—615 was therefore improper. I would affirm the judgment of the appellate court reversing the dismissal.

JUSTICES MILLER and McMORROW join in this dissent.