JAMES W. PLAYER, Plaintiff-Appellant, v. THE VILLAGE OF BENSENVILLE *et al.*, Defendants-Appellees.

Second District   No. 2—98—1549

Opinion filed December 30, 1999.

James W. Player, of Walworth, Wisconsin, appellant *pro se*.

John F. Canna, Thomas J. Canna, and Dawn M. Hinkle, all of Canna & Canna, Ltd., of Orland Park, for appellee Bensenville Elementary School District No. 2.

Russell W. Hartigan and Paul C. Jakubiak, both of Hartigan & Cuisinier, P.C., of Chicago, for appellee Village of Bensenville.

PRESIDING JUSTICE BOWMAN delivered the opinion of the court:

*Pro se* plaintiff, James Player, appeals from the trial court's dismissal of his complaint against defendants, Village of Bensenville (Village) and Bensenville Elementary School District No. 2 (District), with prejudice, pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1998)). Plaintiff filed a timely notice of appeal. This court has jurisdiction over this matter pursuant to Supreme Court Rule 303 (155 Ill. 2d R. 303).

On appeal, plaintiff argues that (1) the clerk of the circuit court improperly designated his case as an "administrative review" action rather than a "miscellaneous remedies" action; (2) the trial court improperly denied his request for oral argument on defendants' motions to dismiss the complaint; (3) the trial court erroneously construed the law pertaining to hiring preferences for veterans; (4) the trial court improperly denied plaintiff's motion for a court-appointed attorney; (5) the trial court erred in allowing the Village to proceed with its motion to dismiss after it had earlier been defaulted; (6) the defendants unlawfully performed their duties during the hiring process for the position for which plaintiff applied; (7) the intergovernmental agreement between defendants was invalid; and (8) the manner and sequence in which the trial court ruled on the parties' motions were erroneous. For the reasons that follow, we affirm the judgment of the circuit court.

Plaintiff filed a complaint against the Village and the District on July 29, 1998. He alleged that in June 1998 he applied for the position of "Redmond Park Coordinator-Physical Education Teacher," which came about through an intergovernmental agreement between the Village and the District. Plaintiff further alleged that he was a "qualified veteran and qualified teacher." Plaintiff claimed that he was entitled to an absolute hiring preference for the position by virtue of his veteran status. He further claimed that the manager and assistant manager for the Village denied him his rights by refusing to interview him for the position.

Plaintiff alleged that the District was responsible for paying the salary and benefits associated with the position and that it too failed

to recognize plaintiff's right to an absolute hiring preference. In his prayer for relief, plaintiff requested that he be appointed to the position he applied for and that he be granted back pay, full benefits, and $100,000 in compensatory and punitive damages.

In response to the complaint, the District filed a motion to dismiss pursuant to section 2—615, arguing that plaintiff could not state a claim upon which relief could be granted. The Village sought leave to and did file a motion to dismiss but later joined in the District's motion to dismiss.

Plaintiff filed numerous motions, including a motion to strike the Village's motion to dismiss, a "Motion to Deny Defendant's, Village of Bensenville, Motions to Vacate and Re-Notice of Motion to Dismiss My Case," a "motion to deny" the District's motion to dismiss, and a motion for a court-appointed attorney. Plaintiff also filed responses to both the District's and the Village's motions to dismiss, which were titled "motions to respond." All of plaintiff's motions were fully briefed.

On November 6, 1998, the trial court entered an order that read as follows, in relevant part:

"1. Defendant Village's motion to vacate defaults is granted to the extent that any defaults existed;

2. Defendant Village is granted leave to file its appearance, instanter;

3. Plaintiff's motion for a court-appointed attorney is denied;

4. Defendant School District's 2—615 motion to dismiss is granted, and this case is hereby dismissed with prejudice;

5. Defendant Village's motion to join in the School District's motion to dismiss is granted, and this case is hereby dismissed with prejudice as to the Village as well;

6. All future court dates in this case are hereby stricken."

■ We first address what we perceive to be the principal issue in this appeal: whether, in ruling that plaintiff could not state a claim upon which relief could be granted, the trial court correctly construed the applicable law pertaining to hiring preferences for veterans. In determining whether to grant a motion to dismiss, a court must take as true all well-pleaded allegations of fact contained in the complaint and construe all reasonable inferences therefrom in favor of the plaintiff. *Vernon v. Schuster*, 179 Ill. 2d 338, 341 (1997). The court must determine whether the allegations in the complaint, when viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted. *Vernon*, 179 Ill. 2d at 344. A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved that will entitle the

plaintiff to recover. *Vernon*, 179 Ill. 2d at 344. Because the trial court is not required to weigh facts or determine credibility when deciding a motion to dismiss, our review is *de novo*. *Vernon*, 179 Ill. 2d at 344.

Plaintiff claims that, because he is a veteran, he was entitled to an absolute hiring preference for the position for which he applied. He cites *Denton v. Civil Service Comm'n*, 176 Ill. 2d 144 (1997), *Personnel Administrator v. Feeney*, 442 U.S. 256, 60 L. Ed. 2d 870, 99 S. Ct. 2282 (1979), and the Veterans' Preference Act of 1944, ch. 287, 58 Stat. 387 (codified, as amended, in scattered sections of 5 U.S.C.A. (West 1996)), as the sources of the absolute preference. Defendants argue that none of these authorities bestow such a preference upon plaintiff for the position at issue and that no such preference applies to the position plaintiff sought. We agree with defendants.

■ We begin by noting that most states, as well as the federal government, give some sort of hiring preference to veterans. *Feeney*, 442 U.S. at 261, 60 L. Ed. 2d at 876, 99 S. Ct. at 2287. The federal government and most states award veterans additional points on civil service examinations. *Feeney*, 442 U.S. at 261 n.7, 60 L. Ed. 2d at 876 n.7, 99 S. Ct. at 2287 n.7. Other states will give a veteran a preference over a nonveteran in the case of a tie score. *Feeney*, 442 U.S. at 261 n.7, 60 L. Ed. 2d at 876 n.7, 99 S. Ct. at 2287 n.7. A few states give "absolute" preferences by ranking all veterans over all nonveterans. *Feeney*, 442 U.S. at 261 n.7, 60 L. Ed. 2d at 876-77 n.7, 99 S. Ct. at 2287 n.7.

In Illinois, the legislature has incorporated a veteran's hiring preference in section 8b.7 of the Personnel Code (20 ILCS 415/8b.7 (West 1998)). The Personnel Code applies to "[a]ll offices and positions of employment in the service of the State of Illinois" (20 ILCS 415/4 (West 1998)), with certain exemptions as enumerated in sections 4c and 4d (20 ILCS 415/4c, 4d (West 1998)).

Our supreme court has succinctly explained the requirements of the Personnel Code pertaining to veterans' preferences:

"[T]he Personnel Code requires CMS [the Department of Central Management Services] *** to establish a position classification plan for all positions governed by the Personnel Code (20 ILCS 415/8a (West 1994)); to eliminate those who are not qualified for entrance into state service and to discover the relative fitness of those who are qualified (20 ILCS 415/8b.1 (West 1992)); and to establish lists of names of candidates in order of their relative excellence in respective examinations (20 ILCS 415/8b.3 (West 1992)). The Personnel Code further provides that CMS may substitute categories for numerical ratings and establish lists of candidates accordingly. 20 ILCS 415/8b.3 (West 1992). If CMS uses numerical lists, the

employing agencies may consider for appointment the three highest applicants on the list. 20 ILCS 415/8b.5 (West 1992). If *** . CMS uses categories rather than numerical lists, the employing agency must prefer for appointment the veterans over the nonveterans of the same category. 20 ILCS 415/8b.7(f) (West 1992)." *Denton*, 176 Ill. 2d at 150-51.

In *Denton*, the supreme court held that, for positions involving categorical ratings, the State must award veterans an absolute preference over nonveterans of the same category rating. *Denton*, 176 Ill. 2d at 150.

■ Plaintiff's reliance on *Denton* is unavailing. As we have discussed, the section of the Personnel Code at issue in *Denton* (20 ILCS 415/8b.7(f) (West 1992)) applies only to "offices and positions of employment in the service of the State of Illinois." 20 ILCS 415/4 (West 1998). The State of Illinois was not the employer for the position plaintiff sought. Therefore, section 8b.7(f) and the supreme court's decision in *Denton* do not apply to plaintiff's claim.

■ Next, we consider plaintiff's contention that the United States Supreme Court's decision in *Feeney* established an absolute hiring preference for veterans who apply for any public employment position. After reviewing the *Feeney* decision, we conclude that it does not stand for the proposition plaintiff suggests. The issue in *Feeney* was whether a Massachusetts statute that granted an absolute hiring preference to veterans who applied for jobs in Massachusetts' classified civil service violated the equal protection clause of the fourteenth amendment to the United States constitution by discriminating against women. *Feeney*, 442 U.S. at 259, 60 L. Ed. 2d at 875, 99 S. Ct. at 2285. The Supreme Court held that the Massachusetts statute did not violate the equal protection clause. *Feeney*, 442 U.S. at 281, 60 L. Ed. 2d at 889, 99 S. Ct. at 2297. Contrary to plaintiff's interpretation, the court did not require all states to give veterans an absolute hiring preference for all public employment positions. In fact, the court noted that "[t]he forms of veterans' hiring preferences vary widely" among the states. *Feeney*, 442 U.S. at 261 n.7, 60 L. Ed. 2d at 876 n.7, 99 S. Ct. at 2287 n.7. Thus, *Feeney* does not provide a legal basis for plaintiff's claims.

■ Plaintiff also relies on the Veteran's Preference Act of 1944, ch. 287, 58 Stat. 387 (codified, as amended, in scattered sections of 5 U.S.C.A. (West 1996)) (Act), as a source of his alleged entitlement to an absolute hiring preference. Plaintiff asserts that the original version of the Act, not its current version, is the basis of his entitlement. This argument is without merit. Congress may amend any statute it has enacted. *Manigault v. Springs*, 199 U.S. 473, 487, 50 L. Ed. 274, 281, 26 S. Ct. 127, 133 (1905). Congress has amended the Act several

times since 1944, and it is a fundamental principle of law that we must give effect to Congress's intent. Consequently, we look to the version of the statute in effect at the time plaintiff applied for the position to determine whether the Act granted plaintiff an absolute hiring preference.

The current federal statute provides that preference will be given to "preference eligibles in certification for appointment, and in appointment, reinstatement, reemployment, and retention, in the competitive service in Executive agencies, permanent or temporary, and in the government of the District of Columbia." 5 U.S.C.A. § 1302(b) (West 1996). The "competitive service" includes positions in the federal government and the government of the District of Columbia. 5 U.S.C.A. § 2102 (West 1996). Plaintiff's position did not fall into either of these categories. Hence, at no time relevant to the matter before us did the Veteran's Preference Act require defendants to grant plaintiff a hiring preference.

■ Plaintiff makes the additional argument that section 8b.7(f) of the Personnel Code is in conflict with the Veteran's Preference Act and the Supreme Court's holding in *Feeney* because the Illinois law does not mandate an absolute hiring preference for veterans in all public employment. As we explained, neither *Feeney* nor the Veteran's Preference Act mandates an absolute hiring preference for all public employment. Consequently, there is no conflict.

■ Taking all well-pleaded facts as true and making all reasonable inferences from those facts in plaintiff's favor, we conclude that the allegations of plaintiff's complaint were not sufficient to state a cause of action upon which relief may be granted. We could not discern from the complaint any set of facts that, if proved, would entitle plaintiff to recover.

Plaintiff did not request leave to amend his complaint to cure the defects defendants raised. Further, a party who appeals the dismissal of a complaint stands on the complaint and foregoes the right to file an amended complaint. *Lawson v. City of Chicago*, 278 Ill. App. 3d 628, 644 (1996). Thus, plaintiff may not have an opportunity to amend his complaint.

■ Next, we consider plaintiff's argument that his case was misdesignated as an administrative review action rather than a miscellaneous remedies action. This argument lacks merit. Nothing in the record indicates that plaintiff's case was misdesignated. The case caption was "98 MR 0596." According to rule 6.01(a) of the eighteenth judicial circuit, the initials "MR" stand for "miscellaneous remedies." 18th Judicial Cir. Ct. R. 6.01(a) (eff. May 10, 1993). This suggests that plaintiff's case was designated as a miscellaneous remedies action.

Further, even if plaintiff's case was misdesignated, he has not demonstrated any prejudice that resulted from the misdesignation, nor has he cited any authority for the proposition that misdesignation of a case is grounds for reversal.

■ Next, plaintiff argues that the trial court improperly denied his request for oral argument on defendants' motions to dismiss. Plaintiff has waived this argument by setting forth factual allegations that are not supported by the record (*Jiffy Lube International, Inc. v. Agarwal*, 277 Ill. App. 3d 722, 725 (1996)), and failing to cite to any pertinent legal authority (*Jiffy Lube*, 277 Ill. App. 3d at 725). Plaintiff has also failed to provide a transcript of proceedings pertinent to this argument. It is the appellant's responsibility to provide a complete record of proceedings before the trial court, and any doubts arising from the absence of a record are decided against the appellant. *Ollivier v. Alden*, 262 Ill. App. 3d 190, 198 (1994). Accordingly, we presume that the trial court acted properly in deciding that oral argument was not necessary.

■ Next, we address plaintiff's argument that the trial court improperly denied his request for a court-appointed attorney. Plaintiff claimed that he was indigent and, pursuant to section 10—102(B) of the Illinois Human Rights Act (775 ILCS 5/10—102(B) (West 1998)) (Human Rights Act), the court should have appointed an attorney for him. Section 10—102(B) provides, in relevant part, that when a person alleges a civil rights violation and the court finds the person financially unable to bear the costs of litigation, the court may appoint an attorney for such person. 775 ILCS 5/10—102(B) (West 1998). Defendants argue that plaintiff did not allege a civil rights violation as defined in the Human Rights Act and, therefore, he was not entitled to a court-appointed attorney. We agree.

Section 1—103 of the Human Rights Act provides that " '[c]ivil rights violation' includes and shall be limited to only those specific acts set forth in Sections 2—102, 2—103, 2—105, 3—102, 3—103, 3—104, 3—104.1, 3—105, 4—102, 4—103, 5—102, 5A—102 and 6—101 of this Act." 775 ILCS 5/1—103(D) (West 1998). Defendants contend, and we agree, that plaintiff's claims do not fall within the Human Rights Act's definition of "civil rights violation," as none of the listed sections provide that refusal to grant a hiring preference to a veteran is a civil rights violation.

■ For plaintiff's next two issues, he argues that he has evidence that (1) defendants improperly and unlawfully performed their duties pertaining to hiring someone for the position plaintiff sought and (2) the intergovernmental agreement between the Village and District was invalid. We will not consider these arguments because plaintiff's

complaint makes no reference to them. When appealing the dismissal of a complaint, a plaintiff may only argue or rely upon allegations made in the complaint. *Eisenbach v. Esformes*, 221 Ill. App. 3d 440, 443 (1991). Because plaintiff did not include such allegations in his complaint, they are not proper issues for this court to consider.

The last issues plaintiff raises are procedural in nature. Plaintiff maintains that the Village should not have been allowed to present its motion to dismiss because the Village had earlier been defaulted for failing to appear on its scheduled motion to dismiss. However, the record contains no order declaring the Village in default or striking the Village's motion to dismiss with prejudice. Plaintiff has cited no facts of record and no legal authority that support his argument that the Village should not have been allowed to file its motion to dismiss plaintiff's complaint or join in the District's motion to dismiss. Accordingly, we reject this argument.

Plaintiff's last argument is that, on November 6, the manner and sequence in which the trial court ruled on the pending motions were improper. The motions before the court on that day included the Village's motion to vacate default and for leave to file its appearance, jury demand and responsive pleading; the District's motion to dismiss; plaintiff's motions to deny defendants' motions to dismiss and to strike the Village's motion to dismiss; and plaintiff's motion for a court-appointed attorney.

Because there is no transcript of the November 6 proceedings in the record, we have no way of discerning the order in which the court ruled on the motions. Because all doubts resulting from an incomplete record are decided against the appellant (*Ollivier*, 262 Ill. App. 3d at 198), we presume that the trial court acted in accordance with the law. Further, plaintiff has demonstrated no prejudice that resulted from the sequence in which the court ruled on the pending motions on November 6. As we have discussed, plaintiff's motion to strike the Village's motion to dismiss and motion for a court-appointed attorney were properly denied. Thus, it would have made no difference if the court had heard plaintiff's motions before ruling on the motions to dismiss.

Plaintiff also claims that the trial court erred in ruling on the Village's motion to dismiss on November 6, when the court had set a hearing date for December 2, 1998. However, the record indicates that the Village joined in the District's motion to dismiss, which had been fully briefed and scheduled for hearing on November 6, 1998. Plaintiff has not demonstrated that any error occurred in allowing the Village to join in the District's motion to dismiss and in ruling on that motion on November 6.

Accordingly, we affirm the judgment of the circuit court of Du Page County dismissing plaintiff's complaint with prejudice.

Affirmed.

THOMAS and GALASSO, JJ., concur.