In the

# United States Court of Appeals

### For the Seventh Circuit

———————————

No. 14-3540

ERIEM SURGICAL, INC.,

*Plaintiff-Appellant,*

*v.*

UNITED STATES OF AMERICA and JOHN KOSKINEN, Commissioner of Internal Revenue,

*Defendants-Appellees.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 12 C 8268 — **James B. Zagel**, *Judge.*

———————————

ARGUED NOVEMBER 1, 2016 — DECIDED DECEMBER 16, 2016

———————————

Before EASTERBROOK, ROVNER, and SYKES, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Micrins Surgical, Inc., went out of business on March 13, 2009, without paying all of its taxes. Eriem Surgical, Inc., was incorporated the same day, purchased Micrins' inventory, took over its office space, hired its employees, used its website and phone number, and pursued the same line of business: the sale of surgical

instruments. Bernhard Teitz, the president and 40% owner of Micrins, continued to play a leading role in Eriem, though its sole stockholder is Carol Teitz, Bernhard's wife. Eriem uses "Micrins" as a trademark. (Bernhard asserts that he owns this mark and licensed it to Eriem.) The Internal Revenue Service treated Eriem as a continuation of Micrins and collected almost $400,000 of Micrins' taxes from Eriem's bank accounts and receivables. Eriem responded with this wrongful levy suit under 26 U.S.C. §7426(a)(1). After a bench trial, the district judge concluded that Eriem is indeed a continuation of Micrins and that the levy therefore is valid.

The Supreme Court has never decided whether state or federal law governs corporate successorship when the dispute concerns debts to the national government. One might infer from *United States v. Kimbell Foods, Inc.*, 440 U.S. 715 (1979), that federal law controls but generally absorbs state law, unless it is hostile to national interests. But, a generation after *Kimbell Foods*, the Supreme Court noted a conflict among the circuits on the subject and postponed its resolution, in an opinion that did not cite *Kimbell Foods*. See *United States v. Bestfoods*, 524 U.S. 51, 63 n.9 (1998). The next year the Court held in *Drye v. United States*, 528 U.S. 49 (1999), that in tax cases state law determines the taxpayer's rights in property that the IRS seeks to reach, while federal law determines which of those rights the IRS can collect on. Neither Eriem nor the IRS contends that the Internal Revenue Code says anything about corporate successorship, so it seems best to apply state law. (Eriem has not contended that it would fare better under federal law—if there is any on this subject.)

The district court concluded that Bernhard has been running Eriem, which is conducting the same business as

Micrins notwithstanding Carol's ostensible ownership and the change of focus from instruments used in health care to instruments used by cosmetic surgeons. Eriem insists that Carol is the real as well as the ostensible owner, that the switch to instruments for cosmetic surgery marks a substantial change of business, and that it is irrelevant that Eriem bought all of Micrins' assets, hired its workers, occupies the same premises, and uses the Micrins trademark, website, phone number, and email address. But under Illinois law, which uses a multi-factor balancing standard to determine successorship, see *Steel Co. v. Morgan Marshall Industries, Inc.*, 278 Ill. App. 3d 241 (1st Dist. 1996), these contentions are matters for the trier of fact. The district court's conclusion that Eriem is still conducting the Micrins business is not clearly erroneous. That successorship is the "ultimate issue" does not make it less a finding of fact. See, e.g., *Pullman-Standard v. Swint*, 456 U.S. 273 (1982); *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709 (1986).

According to Eriem, the district judge made a legal error by failing to give dispositive significance to the change of ownership. Bernhard owned only 40% of Micrins' stock; he claims to own none of Eriem's, but even if all of his wife's shares are imputed to him the difference between 40% ownership of Micrins and 100% of Eriem means that they just cannot be the same business. Eriem contends that under *Vernon v. Schuster*, 179 Ill. 2d 338 (1997), any change in ownership prevents treating one firm as another's successor. But that's not what *Vernon* said and is not how it has been understood.

There was a substantial change of ownership in *Steel Co.*, in addition to the fact that a former stockholder was replaced

by his spouse as stockholder of the new firm, and the court held that this did not prevent treating the new firm as the old one's successor when all other considerations pointed that way. We read *Vernon* (as did *Steel Co.*) as holding that a complete change of ownership prevents a finding of successorship, not that complete identity of ownership is essential to successorship. The district court's conclusion that Carol Teitz serves as a proxy for her husband means that there has not been a complete change of ownership; this, too, was a conclusion of *Steel Co.*

We could imagine an argument that, because Bernhard owned only 40% of Micrins' stock, Eriem should be liable for only 40% of its taxes. But Eriem has taken an all-or-none stance; it is unwilling to concede owing the Treasury a penny. Given a choice between all and none, the district court did not commit either a legal or a factual error in electing "all."

AFFIRMED