

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2006

# Bailey v. Harleysville Natl

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4352

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Bailey v. Harleysville Natl" (2006). *2006 Decisions.* Paper 737.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/737

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4352
_____

THEODORE BAILEY,


v.


HARLEYSVILLE NATIONAL BANK & TRUST;
J.R. CALDWELL, & EMPLOYEES

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-1541)
District Judge: Honorable Michael M. Baylson
_____


Submitted Under Third Circuit LAR 34.1(a)
July 6, 2006

BARRY, CHAGARES AND COWEN, <u>CIRCUIT JUDGES</u>

(Filed: July 18, 2006)


_____

OPINION
_____

PER CURIAM

Theodore Bailey appeals from the District Court's order granting Defendants'

motion for summary judgment. For the reasons that follow, we will affirm the District Court's order.

On March 26, 2004, Mr. Bailey, who is African-American, went to Harleysville National Bank and Trust ("the Bank"), intending to cash a $1,408.08 check from First American Title Insurance Company, which is a customer of the Bank. He was told by the teller that he would be unable to cash the check. Bailey then spoke to the branch manager. The manager also informed him that he could not cash the check. According to the manager, under the Bank's check-cashing policy, Bailey, as a non-customer of the Bank, needed an endorsement guarantee from his own bank in order to cash any check over $1,000. The branch manager then gave Bailey a copy of the Bank's check cashing policy. When Bailey noticed that the policy said nothing about the endorsement guarantee and informed the branch manager that he met all of the Bank's written check-cashing requirements, the branch manager handwrote changes to the typed policy and again refused to cash Bailey's check. The Bank claims that Bailey became agitated and threatening. After he left the Bank, Bailey was pulled over by a police officer who said that he had been called by the Bank.

Bailey then filed a pro se civil rights action in the United States District Court for the Eastern District of Pennsylvania. He brought this suit under 42 U.S.C. § 1983, claiming that the Bank's actions violated the First, Fourth, Fifth, and Fourteenth Amendments. After the close of discovery, the District Court granted the Bank's motion

2

for summary judgment. It dismissed Bailey's § 1983 and constitutional claims because the Bank was not a state actor and dismissed any claims under 42 U.S.C. § 1981 because Bailey and the Bank had no contractual relationship.[1]

Bailey filed a timely notice of appeal. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of a District Court's grant of summary judgment, viewing the facts in the light most favorable to Bailey, the non-moving party. See S&H Hardware & Supply Co. v. Yellow Transp. Inc., 432 F.3d 550, 554 (3d Cir. 2005). Summary judgment is appropriate when there is no need of a trial because "there is no genuine issue of material fact and []the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Cattrett, 477 U.S. 317, 322 (1986).

To succeed in a claim under § 1983, a plaintiff must show a deprivation of a right secured by the Constitution and laws of the United States, and he must show that the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 47 (1988). The color-of-state-law requirement is a threshold issue; "there is no liability under § 1983 for those not acting under color of law." Groman v. Township

---

[1] Bailey expressly disclaims any reliance on § 1981 in this suit (Appellant Br.at 2-3). However, even if he had not abandoned § 1981, the District Court's decision would be affirmed. Section 1981 prohibits, among other things not relevant here, racial discrimination in the formation and performance of contracts. However, under Pennsylvania law, a drawee bank has no contractual obligation toward a recipient of a check, see C & K Petroleum Products, Inc. v. Equibank, 839 F.2d 188 (3rd Cir.1988), 13 Pa. C.S.A. § 3408, and thus, § 1981 is not implicated.

of Manaplan, 47 F.3d 628, 638 (3d Cir. 1995). To show that the defendant acted under color of state law, a litigant must establish that the defendant is a "state actor" under the Fourteenth Amendment. Benn v. Universal Health System, Inc., 371 F.3d 165, 169 n.1 (3d Cir. 2004).

Bailey argues that the Bank is a state actor because of its extensive regulation by the government, including participation in the federal reserve system and the Federal Deposit Insurance Corporation.[2] However, "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." Jackson v. Metro. Edison Co., 419 U.S. 345, 350 (1974). Further, banks have been found not to be state actors, despite this extensive regulation, even when their complained-of actions have been explicitly authorized by the state. See Apao v. Bank of New York, 324 F.3d 1091, 1095 (9th Cir. 2003) (holding that a bank using non-judicial foreclosure procedure provided by state law was not a state actor for § 1983 purposes). Thus, the Bank is not a state actor by virtue of its regulation by the government and participation in the federal reserve system and Federal Deposit Insurance Corporation.

Nor does the involvement of the police transform the Bank into a state actor.

---

[2] In light of the fact that Bailey claims that the Bank is a state actor by virtue of its regulation by the federal government, his suit may be more properly characterized as one under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). However, such a recharacterization would not change the state action analysis. See Brown v. Philip Morris, 250 F.3d 789, 801 (3d Cir. 2001).

4

Bailey claims that the Bank called the police in response to what it claims was his threatening behavior.[3] However, in the absence of a conspiracy with the police to violate constitutional rights, a business's summons of a police officer to deal with a possible disturbance, does not make it a state actor. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 272 (2d Cir. 1999). Thus, even if he proved all of the allegations in his complaint, Bailey would not pass the threshold for bringing this § 1983 action.

Because there was no genuine issue of material fact and the Bank was entitled to judgment as a matter of law, the District Court was correct in granting Defendants' motion for summary judgment. Accordingly, we will affirm the judgment of the District Court.

---

[3] Whether Bailey was, in fact, aggressive or caused a disturbance in the bank is a disputed fact. However, it is ultimately immaterial.