2020 IL App (2d) 200021-U
No. 2-20-0021
Order filed December 18, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| VICKIE BELL, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 18-L-219 |
| | ) | |
| ACCESS CREDIT UNION, | ) | Honorable |
| | ) | Robert W. Rohm, |
| Defendant-Appellee, | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Hudson and Birkett concurred in the judgment.

**ORDER**

¶ 1   *Held*: Dismissal of plaintiff's complaint against credit union was proper where plaintiff failed to allege facts establishing that defendant was a state actor for purposes of her due-process claim; plaintiff's remaining breach-of-contract claim failed because she did not allege damages from defendant's withholding of title after plaintiff paid off her car loan.

¶ 2   Plaintiff, Vickie Bell, appeals from the dismissal, pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2018)), of her complaint against defendant, Access Credit Union.  She contends that the dismissal was error because she stated a claim for a fourteenth amendment due-process violation under the rule in *Fuentes v. Shevin*, 407 U.S. 67

(1972), and related cases. We conclude that the complaint did not state sufficient facts to establish a cause of action upon which relief could be granted. We therefore affirm the dismissal.

¶ 3                                I. BACKGROUND

¶ 4       On February 28, 2018, plaintiff filed her original *pro se* complaint against defendant and seven other named defendants: Brad Fish; the Department of Financial and Professional Regulation; Robert Finney; Steven J. Fink & Associates; Steven J. Fink; David Dahl; and Tri-County Investigations. In two separate orders, the court dismissed the action against all defendants other than defendant. Plaintiff eventually filed her fourth amended *pro se* complaint, which named only defendant and which did not incorporate her earlier complaints. It alleged the following:

> "1. Plaintiff's Fourth Amended Complaint is proper[ly] before the court.
>
> 2. On March 7, 2011[,] Plaintiff bought a car from defendant.
>
> 3. Plaintiff paid off the car on November 25, 2015.
>
> 4. Defendant refused to turn over a clean title after the loan was satisfied.
>
> 5. Plaintiff did not enjoy any benefits that would come from paying off the defendant's contract in a mutually timely scheduled manner.
>
> 6. Plaintiff is due damages for defendant's neglect to turn over title without any cause set forth after the loan was satisfied, thus breaching her 14th amendment right protection.
>
> 7. Plaintiff, through a mutual agreement with the court[']s direction, accepted title to her property from the defendant with the understanding from the court that she may obtain damages due to the unlawful seizure period that commenced from November 25, 2015[,] through August 25, 2019.

8. Conclusively, Plaintiff is due a reasonable expectation of damages for defendant's violation of her 14th amendment right by means of neglect to turn over a scheduled title after the loan was satisfied without cause."

¶ 5   Plaintiff requested damages but did not allege any injury.  She requested:

"[1]. [That the court] grant Plaintiff all compensatory, punitive, and nominal damages cause or caused to be [*sic*] for Defendant's 14th amendment due process violations, which accrued and exceeded the prior forty-five months of an unlawful seized title;

[2]. In the sum of ($49,999.98) forty-nine thousand, nine hundred-ninety[-]nine dollars, and ninety-eight cents;

[3]. Pre-judgment interests [*sic*] on that the sum from November 25, 2015 to current as allowed by law;

[4]. The cost of these actions; and

[5]. In the alternative, any other relief that the honorable court may deem necessary."

¶ 6   Defendant moved to dismiss under section 2-615 of the Code, asserting that plaintiff had failed to "allege any facts or legal theories under which she could recover from [defendant]."

¶ 7   On December 12, 2019, the court granted defendant's motion and dismissed plaintiff's action with prejudice.

¶ 8   On January 10, 2020, plaintiff filed what she entitled a "Memorandum of Law in Support of Objection and Recommendations."  She asserted that the court had "misapprehended her 14th Amendment Constitutional Right in connection with a well settled US Supreme Court case in *Fuentes v. Shevin*, 407 U.S. 67 [(1972).]"  *Fuentes* struck down two states' prejudgment replevin

statutes as contrary to the fourteenth amendment, as they "work[e]d a deprivation of property without due process of law insofar as they den[ied] the right to a prior opportunity to be heard before chattels [were] taken from their possessor." *Fuentes*, 407 U.S. at 96. Plaintiff also asserted that, "through a mutual agreement with the court[']s direction," she had "accepted title to her property from the defendant with the understanding from the court that she may obtain damages due to the unlawful seizure period that commenced from November 25, 2015 through August 25, 2019." The trial court did not rule on plaintiff's "Memorandum." Plaintiff filed her notice of appeal on Saturday, January 11, 2020.

¶ 9                                                    II. ANALYSIS

¶ 10      Initially, as a jurisdictional matter, we note that we *do not* view plaintiff's "Memorandum of Law in Support of Objection and Recommendations" as a motion for reconsideration. Although that filing asserted that the trial court made an error of law in dismissing plaintiff's complaint, it did not seek modification of the trial court's judgment. The court thus had no reason to rule on the filing, and the lack of such a ruling is without jurisdictional significance.

¶ 11      Plaintiff's argument on appeal defies easy summarization. However, her brief makes clear that she contends that defendant's refusal to release the title of her car to her after her debt was satisfied violated her procedural due process rights as set out in *Fuentes*. Plaintiff argues only for the sufficiency of her complaint as it stands; she does not maintain that the trial court should have made the dismissal without prejudice so that she could file a fifth amended complaint.

¶ 12      Defendant contends that the rule in *Fuentes* is irrelevant because the case is clearly distinguishable and thus plaintiff has not shown entitlement to relief under the fourteenth amendment. Defendant points out that plaintiff's fourth amended complaint did not incorporate

any of her prior complaints, so that we must consider the sufficiency of the fourth amended complaint on its own.

¶ 13     We conclude that the court did not err in granting defendant's motion under section 2-615. "A section 2-615 motion to dismiss tests the legal sufficiency of a complaint," and the "question to be answered is whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, state sufficient facts to establish a cause of action upon which relief may be granted." *Hadley v. Subscriber Doe*, 2015 IL 118000, ¶ 29.  Our review of a dismissal under section 2-615 is *de novo*. *Hadley*, 2015 IL 118000, ¶ 29.

¶ 14     When we consider the fourth amended complaint as an independent document, the references to the fourteenth amendment appear irrelevant to the complaint, which otherwise is structured essentially as a breach-of-contract claim: plaintiff alleges that a loan was paid off but that defendant refused to turn over the vehicle title that secured the loan.  " 'The essential elements of a breach of contract are: (i) the existence of a valid and enforceable contract, (ii) performance by the plaintiff, (iii) breach of the contract by the defendant, and (iv) [a] resultant injury to the plaintiff.' " *Babbitt Municipalities, Inc. v. Health Care Services Corp.*, 2016 IL App (1st) 152662, ¶ 27 (quoting *Batson v. Oak Tree, Ltd.*, 2013 IL App (1st) 123071, ¶ 35).  The gist of plaintiff's allegations is that she and defendant had a loan agreement, that she repaid the required amount, and that defendant nonetheless failed to release the security for the loan as required.  Thus, plaintiff arguably alleges three of the four elements of breach of contract.  However, she merely asserts that she suffered an injury, without alleging any supporting facts.  Because Illinois is a fact-pleading jurisdiction, a plaintiff " 'must allege facts sufficient to bring a claim within a legally recognized cause of action.' " *Doe v. Coe*, 2019 IL 123521, ¶ 32 (quoting *Vernon v. Schuster*, 179 Ill. 2d 338, 344 (1997)).  "In opposing a motion for dismissal under section 2-615 of the Code ***, a plaintiff

cannot rely simply on mere conclusions of law or fact unsupported by specific factual allegations." *Anderson v. Vanden Dorpel*, 172 Ill. 2d 399, 408 (1996). Because plaintiff's claim that she suffered injury is a mere conclusion of fact unsupported by any specific factual allegations, it is insufficient to allow her complaint to survive a section 2-615 motion to dismiss.

¶ 15 Moreover, as an alternative basis to sustain the dismissal, we agree with defendant that *Fuentes* is irrelevant and so plaintiff failed to allege a fourteenth amendment violation. Under *Fuentes* and related cases, an individual cannot have a cause of action for a due-process violation unless that violation was committed through "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935-37 (1982). Plaintiff's position seems to be that, because defendant has links to the state through, for instance, its access to federal guarantees and the like, it is a state actor that can be liable for a due process violation under *Fuentes*. She argues:

"The Defendant-Appellee is a recipient of Federal financial benefits and, as such, is subject to compliance to [*sic*] the bill of rights, and its implementing regulations.

The Defendant-Appellee is organized under, an[d] exist[s] pursuant to the laws of the State of Illinois and, as such is subject to the prohibition of the equal protection clause of the fourteenth amendment to the U.S. Constitution of the United States."

¶ 16 Plaintiff has failed to support her claim with citation to relevant authority; she has therefore forfeited it. See, *e.g.*, *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises Inc.*, 2013 IL 115106, ¶ 56 ("A point not argued or supported by citation to relevant authority fails to satisfy the requirements of Supreme Court Rule 341(h)(7) [(eff. Feb. 6, 2013)]" and is therefore forfeited). But, forfeiture aside, defendant cannot be considered a state actor under the facts alleged. That an entity is subject to extensive state regulation does not, of itself, convert the entity into a state actor for purposes of the fourteenth amendment. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345,

350 (1974). The mere enforcement of a lien by a lender is not state action; moreover, the controls imposed by governments on the business of lending do not convert regulated lenders into state actors. *Apao v. Bank of New York*, 324 F. 3d 1091, 1094-95 (9th Cir. 2003). Similarly, a bank's use of federal insurance for its deposits does not make it a state actor. *Bailey v. Harleysville National Bank & Trust*, 188 F. App'x 66, 68 (3d Cir. 2006). Since neither defendant's links to the Illinois and federal government through regulations, nor its use of financially beneficial federal programs, nor its enforcement of its lien made defendant a state actor, plaintiff failed to plead that defendant's actions implicated the fourteenth amendment.

¶ 17    Plaintiff contends that the trial court, in concluding that she had no cause of action for a fourteenth amendment violation, ignored the supremacy clause of the United States Constitution. That clause provides that the laws of the United States "shall be the supreme Law of the Land *** any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const., art. VI, cl. 2. We disagree that the dismissal was contrary to the supremacy clause. We have relied entirely on federal law in concluding that defendant was not a state actor for purposes of the fourteenth amendment. That conclusion is thus necessarily consistent with the clause.

¶ 18                                        III. CONCLUSION

¶ 19    For the reasons stated, we affirm the dismissal with prejudice of plaintiff's complaint.

¶ 20    Affirmed.